## SUPREME COURT.

HENRY H. PAULSEN agt. BURHANS VAN STEENBERGH, as President, &c.

*Corporation — A creditor at large cannot maintain action against directors for misconduct — Code of Civil Procedure, sections 1781, 1782.*

The term "creditor," as used in sections 1781 and 1782 of the Code of Civil Procedure, means a judgment creditor and not a creditor at large. A creditor at large cannot maintain an action for the relief provided in section 1781.

*Special Term, July, 1883.*

*George W. Green* and *W. H. Cuddleback*, for plaintiff.

*S. W. Fullerton*, for demurrer.

BROWN, *J.* — The complaint in this action contains two causes of action : One against the defendant as an individual, and one against him as president of the Goshen Foundry and Gas Machinery Company. The plaintiff disclaims any intention to allege but one cause of action, but the relief asked for shows that the pleader had in his mind two claims, one in the plaintiff's favor against the defendant, and the other in favor of the corporation against the defendant in his official capacity. The prayer of the complaint is :

*First.* That the defendant account, in his official capacity, for the funds and property of the corporation, and also that he account to and with the plaintiff for the property and funds belonging to the plaintiff, which are and were in his possession, and that such account determine the amount due

Paulsen agt. Van Steenbergh.

to the corporation, and also the amount "from said defendant to the plaintiff."

*Second.* That the defendant be adjudged to deliver to the plaintiff the shares of stock to which he is entitled, and in default thereof that plaintiff have judgment against the defendant for the value.

*Third.* That he be required to pay over and transfer to the corporation all money and property to which said company shall be entitled, &c.

There was, therefore, in contemplation of the pleader, a claim in favor of the plaintiff against the defendant, upon which the plaintiff was to remove a judgment, and also a claim upon which there was to be rendered a judgment in favor of the corporation.

The first claim was based on a contract made with the defendant in his individual capacity, and, as such, it could be made the basis of an action against the defendant. It is true it is alleged that it was ratified by the defendant as president, and if by that it was intended to allege and claim that the corporation ratified the agreement, acting through the defendant as its agent, it would constitute a good ground for a claim against the corporation, but not against the defendant as president.

It is clear that, so far as the plaintiff has any claim arising out of the facts set forth in the seventh clause of his complaint, it is either against Van Steenbergh individually or against the corporation, and that in either event it is an entirely distinct and separate claim or cause of action from that set forth in the other parts of the complaint.

The two causes of action are improperly joined (*Code*, sec. 484), and the objection is properly taken by demurrer (*Code*, sec. 488).

It is claimed, however, by the plaintiff, that the allegation that the contract made with Van Steenbergh was ratified by the defendant as president, was inserted to show that plaintiff is a creditor of the corporation by reason of the contract so

made and ratified, and that upon the whole complaint there is but a single cause of action, which the plaintiff is entitled to prosecute under section 1781 of the Code. Assuming this to be true, the complaint shows on its face that plaintiff is not a judgment creditor, but a creditor at large.

The right to maintain an action for the relief provided in section 1781 is given by the section next following to creditors of the corporation; and I am of the opinion that the term creditor, as used in this section, means a judgment creditor.

*Cole* agt. *The Knickerbocker Life Insurance Company* (23 *Hun*, 255), was an action very similar in its objects to the case at bar, and in that case the general term of the second department sustained a demurrer to the complaint, on the ground that the plaintiff was not a judgment creditor, and that a creditor at large could not maintain the action. This case went to the court of appeals, and the appeal was dismissed on January 10, 1883. The decision is in accord with general principles. A court of equity is not the *forum* for litigating disputed claims, and, as a general rule, will not entertain an action or afford relief to a creditor until he has established his debt in a court of law.

I am of the opinion that the demurrer is well taken, and that the defendant must have judgment on the demurrer, with costs.