(108 App. Div. 222.)

## LILIENTHAL et al. v. BETZ.

(Supreme Court, Appellate Division, First Department.  November 10, 1905.)

1. CORPORATIONS—OFFICERS—ACQUIRING  CORPORATE  PROPERTY—ACTION  BY CREDITOR.

Code Civ. Proc. § 1781, subd. 2, provides that an action may be maintained against a director of a corporation to compel him to pay to the corporation or its directors any money, or the value of any property which he has acquired by a violation of duty, and section 1782 provides that such an action may be brought by a creditor.  *Held*, that a creditor of a corporation might sue a former director, on the ground that he had fraudulently brought about foreclosures against the corporation and a voluntary dissolution thereof, whereby he acquired the corporate property.

2. SAME—PRIOR ACTION AGAINST CORPORATION—NECESSITY.

In such an action, the dissolution of the corporation and the appointment of a receiver rendered it unnecessary for plaintiff to have enforced any remedy against the corporation.

3. SAME—PARTIES—RECEIVER.

Though the receiver had been discharged, he was a necessary party to the action, as, on a recovery by plaintiff, he would be entitled to a judgment requiring defendant to account to the receiver and providing for the application by the receiver of any money that he received under the judgment by distributing it among the creditors and stockholders.

4. PLEADING—DEMURRER—SCOPE.

Where a demurrer on the ground of misjoinder of actions does not specifically claim that there is a misjoinder by reason of a certain cause of action being contained in the complaint, the court will not consider such possible objection.

Appeal from Special Term, New York County.

Action by Albert Lilienthal and others against John F. Betz.  From a judgment in favor of plaintiffs, defendant appeals.  Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and INGRAHAM, JJ.

Abram I. Elkus, for appellant.
Harold Nathan, for respondents.

INGRAHAM, J.  I think this action can be maintained under sections 1781 and 1782 of the Code of Civil Procedure.  Subdivision 2 of section 1781 provides that an action may be maintained against

one or more trustees, directors, managers, or other officers of a corporation to procure a judgment "compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by a violation of their duties"; and section 1782 provides that an action as prescribed in section 1781 may be brought by a creditor of the corporation. The complaint alleging facts which make it impracticable to obtain a judgment against the corporation, any question as to the necessity of alleging that such judgment had been obtained and execution thereon returned unsatisfied is not presented. The dissolution of the corporation and the appointment of a receiver of its property excuse the plaintiffs from enforcing their remedy against the corporation prior to the commencement of this action. Hunting v. Blun, 143 N. Y. 511, 38 N. E. 716; Hirshfeld v. Bopp, 145 N. Y. 84, 39 N. E. 817.

The only serious question is whether the receiver of the corporation was a necessary party to this action. We have held, in the case of Michel v. Betz (decided at this term of the court) 95 N. Y. Supp. 844, that, in an action brought by a stockholder to compel the defendant to account, the receiver of the corporation was a necessary party; and I think that the rule adopted in that case should be applied in this, and that the receiver of the corporation appointed upon its dissolution was a necessary party defendant to this action. Upon the dissolution of the corporation and the appointment of a receiver, all of the property of the corporation vested in the receiver, who was charged with the duty of distributing it among its creditors and paying any surplus to the stockholders. The property acquired by the defendant and for which he is to be required to account in this action vested in the receiver thus appointed, and the allegations of the complaint upon which the cause of action is based are that this defendant has by means of various sales and conveyances wrongfully acquired possession of this property which belonged to the creditors and stockholders. If the allegations of the complaint are true, it is the property that vested in the receiver that the defendant has unlawfully obtained. The receiver, when appointed, represented the creditors and stockholders, and it was his duty to apply this property to the payment of the debts of the corporation, and the balance to the stockholders. The accounting is for the benefit of all creditors and stockholders, and, while the plaintiffs sue on behalf of themselves and all other creditors, the object of the action is to have applied to the payment of the creditors of the corporation the property that had become vested in the receiver in trust for the creditors. To accomplish this, it is necessary to set aside the conveyance by the receiver of the personal property to the defendant, the title to which had been acquired through the receiver, and also to set aside the sale of the property under the judgment for the foreclosure of the mortgage, which property had vested in the receiver upon his appointment, and had become vested in the defendant by virtue of the deed in the foreclosure action. The judgment to which the plaintiff would be entitled would be a judgment requiring the defendant to account to the receiver, and providing for the application by the receiver of any money that he received under

the judgment by distributing it among the creditors and stockholders of the corporation. The only excuse alleged in the complaint for not making the receiver a party is that the receiver has been discharged. There is no allegation that the receiver was a party to the conspiracy charged in the complaint by which this defendant obtained the title to the property of the corporation, and there is no doubt but that the receiver could have maintained this action if the defendant had wrongfully acquired property of the corporation which should be applied to the discharge of its debts. I think it clear that the discharge of the receiver did not divest him of property that had vested in him by virtue of his appointment, and that to reach this property it was necessary to enforce for the benefit of creditors the cause of action that vested in the receiver, and that to enforce such a cause of action the receiver was a necessary party, either as plaintiff or defendant.

There is also a demurrer upon the ground that causes of action have been improperly united, but I think that all of the allegations of the complaint are germane to an action brought under sections 1781 and 1782 of the Code, before cited, to require the defendant to account for the moneys and property in his hands which, it is alleged, he has wrongfully acquired. There is an allegation in the seventh clause of the complaint from which it might be possible to spell out a cause of action against this defendant, based upon the ground that he had assumed the indebtedness of the corporation and had promised the plaintiffs to pay the amount of their indebtedness; and, as the demand for judgment is to recover a sum of money against the defendant, it may be that there is alleged in this complaint a cause of action upon contract based upon the assumption by the defendant of the debts of the corporation; but, as the demurrer does not specifically set up such a misjoinder of causes of action as a ground of demurrer, that question need not be considered.

For the reason stated, I think the receiver was a necessary party, and that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiffs to amend, upon the payment of costs in this court and in the court below. All concur.