(164 App. Div. 146)

### STEELE v. ISMAN et al.      (No. 6109.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

CORPORATIONS (§ 353*)—OFFICERS AND AGENTS—ACTIONS FOR ACCOUNTING—
    PERSONS ENTITLED TO SUE—"CREDITOR."

    Under General Corporation Law (Consol. Laws, c. 23) § 91, providing relative to actions against other officers of a corporation to compel an accounting and to compel the payment to the corporation of any money or the value of any property acquired to themselves, transferred to others, or lost or wasted, authorized by the preceding section, that the ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion may be brought by the Attorney General or by a "creditor" of the corporation, a creditor other than a judgment creditor cannot maintain such action, in the absence of facts making it impossible or useless to obtain a judgment against the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 353.*

For other definitions, see Words and Phrases, First and Second Series, Creditor.]

Appeal from Special Term, New York County.

Action by John L. Steele against Felix Isman and others. From an order denying a motion by defendants for judgment on the pleadings, they appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward M. Grout and Paul Grout, both of New York City (F. Sidney Williams, of New York City, on the brief), for appellants.

Graham & L'Amoreaux, of New York City (Ralph Polk Buell, of New York City, of counsel), for respondent.

CLARKE, J.   The complaint alleges that the defendant Jamaica Estates is a domestic stock corporation; that the defendants Isman, Degnon, and Barnes were and still are directors thereof; that the plaintiff is the owner and holder of bonds issued by the corporation under and pursuant to the terms of a certain mortgage; that several installments of interest have accrued and become due and payable thereon, which still remain wholly due and unpaid, and thereby the plaintiff is a creditor of the said corporation; that the individual defendants have neglected and failed to perform their duties in the management and disposition of the funds and property committed to their charge, and have acquired to themselves, transferred to others, lost and wasted money and the value of property of the corporation, by and through their neglect of and failure to perform and other violation of their duties, in various ways, of which the complaint sets up certain particulars.   Wherefore the plaintiff prays judgment against the defendants as follows:

(1) Compelling them to account for their official conduct, including any neglect of or failure to perform their duties in the management and disposition of the funds and property committed to their charge.

(2) Compelling them to pay to the defendant corporation or to its creditors the money and the value of the property which they have acquired to themselves or transferred to others or lost or wasted by or through their neglect of and failure to perform and other violations of their duties.

(3) Appointing a receiver of the property of the defendant corporation.

(4) For such other and further relief, etc.

It will be noted, first, that the plaintiff is not a judgment creditor; second, that there is no allegation that the corporation is insolvent; third, that it is an action in equity, and necessarily a representative action, to compel directors and officers of a corporation to account for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their transactions to the corporation, and is not an action to recover a money judgment in favor of the plaintiff.

The answers of the corporation and the individual defendants deny that certain installments of interest still remain due and unpaid, and deny that the plaintiff is a creditor of the corporation, as well as the particulars of neglect, failure to perform, and waste. The defendants moved for judgment upon the pleadings, and appeal from the denial of this motion.

Section 91 of the General Corporation Law (chapter 23, Consol. Laws, chapter 28, Laws 1909, formerly section 1782 of the Code of Civil Procedure, derived from section 35, pt. 3, c. viii, art. 2, 2 R. S. p. 462), provides that an action may be brought as prescribed in the last section—that is, to compel directors to account—by the Attorney General, in behalf of the people of the state, or, except where the action is brought for the purpose specified in subdivision 3 or 4 of that section, by a creditor of a corporation, or by a trustee, director, manager, or other officer of the corporation having a general superintendence of its concerns. The phrase "creditor of the corporation" has been interpreted to mean a judgment creditor. Belknap v. North American Life Ins. Co., 11 Hun, 282; Cole v. Knickerbocker Life Ins. Co., 23 Hun, 255; Paulsen v. Van Steenbergh, 65 How. Prac. 342; Bewley v. Equitable Life Assurance Society, 61 How. Prac. 344. In Swan v. Mutual Reserve Fund Association, 20 App. Div. 255, 46 N. Y. Supp. 841, in sustaining a demurrer to the complaint, the court said:

"Were the plaintiff a judgment creditor of the defendant, it is quite possible that a cause of action might be spelled out of the complaint in his favor. * * * The action is one which is necessarily founded upon the misconduct of the defendant's trustees, directors, or managers, and consequently it is one within the contemplation of section 1781 of the Code of Civil Procedure, which must be brought against the officers of the defendant, and not against the corporation only. Furthermore, such an action must be brought either by a creditor of the corporation—which means a judgment creditor—* * * or else by the Attorney General in behalf of the people of the state."

In affirming (155 N. Y. 9, at page 18, 49 N. E. 258, at page 260), Judge Gray said:

"If an action had for its object the compelling of the trustees, directors, managers, or other officers of a corporation, to account for their official conduct, in the management and disposition of the property committed to their charge, then it would have to be brought by the Attorney General in behalf of the people; or it might be brought by a judgment creditor of the corporation, under sections 1781 and 1782 of the Code of Civil Procedure."

In Miller v. Barlow, 78 App. Div. 331, 79 N. Y. Supp. 964, an action brought by a director, the court, in distinguishing such an action, said, in speaking of the creditor's suit:

"Being a general creditor, such firm could not maintain an action for this purpose, under the provisions of the Revised Statutes, as only judgment creditors would be authorized to maintain such an action."

In Buckley v. Stansfield, 155 App. Div. 735, 140 N. Y. Supp. 953, it was said:

"Moreover, it is only creditors whose claims have been reduced to judgment who are in a position to maintain this form of action."

There is one exception, as pointed out in Lilienthal v. Betz, 108 App. Div. 222, 95 N. Y. Supp. 849, where this court said:

"The complaint alleging facts which make it impracticable to obtain a judgment against the corporation, any question as to the necessity of alleging that such judgment had been obtained and execution thereon returned unsatisfied is not presented; the dissolution of the corporation and the appointment of a receiver of its property excuse the plaintiffs from enforcing their remedy against the corporation prior to the commencement of this action."

While the judgment in that case was reversed by the Court of Appeals (185 N. Y. 153, 77 N. E. 1002, 7 Ann. Cas. 41), it was not upon that point. There is no case cited by the respondents affecting in the slightest degree the unbroken line of authorities which hold that "creditor" in this statute means judgment creditor. There is the soundest public policy in not permitting a mere general creditor to compel an accounting of the officers of a solvent corporation. The management of a corporation is intrusted to its directors and officers, and they are accountable to it. It might result in intolerable abuse if any or every holder of a claim against a corporation should be held to be entitled to such an equitable action. As the plaintiff is not a judgment creditor, as no facts are set up showing that it would be impossible or useless to obtain a judgment against the corporation, the complaint is fatally defective. The defendants were entitled to judgment upon the pleadings, as the complaint did not state facts sufficient to constitute a cause of action.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.