LYNN S. ABBOTT, Respondent, *v.* NATIONAL GRAVURE CIRCUIT, INC., GRAVURE SERVICE CORPORATION and ALCO GRAVURE PRINTING COMPANY, Appellants.

First Department, February 10, 1922.

Fraudulent conveyances — debtor and creditor — complaint by creditor against debtor and assignees of debtor asking that fraudulent transfer be set aside and that constructive trust be impressed on funds in possession of defendants must allege entry of judgment against debtor and return of execution unsatisfied — causes of action improperly united if action treated as action at law — corporations — creditors entitled to share equally in distribution of assets.

A creditor seeking to set aside a fraudulent transfer of a debtor's assets must first reduce his claim to judgment and have an execution thereon returned unsatisfied, except in cases where it is impracticable to obtain judgment.

Accordingly, a complaint in an action against three corporate defendants alleging in substance that one of them is indebted to the plaintiff for services rendered and that it had transferred its assets to the other two defendants without consideration and in fraud of the plaintiff and other creditors, and asking that said two defendants be adjudged to hold the moneys of the debtor defendant to the extent of five per cent thereof as trustees of the plaintiff and also asking money damages against all of the defendants, but not alleging the entry of judgment against the debtor corporation and the return of an execution unsatisfied or that such steps are impracticable, fails to state a cause of action for equitable relief; and, although it states a cause of action against the debtor corporation, if the action be treated as an action at law, it is demurrable on the ground that causes of action are improperly united.

*It seems,* that, assuming that the assets of a corporation constitute a trust fund for the payment of its debts, that would not entitle the plaintiff to any preference over other creditors, since they are all entitled to share equally in the distribution of the corporation assets.

SMITH and PAGE, JJ., dissent.

APPEAL by the defendants, National Gravure Circuit, Inc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of June, 1921, overruling their demurrers to the amended complaint and denying their motions for judgment on the pleadings.

The demurrers are upon the ground that the complaint does not state facts sufficient to constitute a cause of action, and that causes of action are improperly united.

*William Donahue* [*William A. Marden* of counsel], for the appellant National Gravure Circuit, Inc.

*Oudin, Kilbreth & Schackno* [*Henry G. Schackno* of counsel], for the appellants Gravure Service Corporation and another.

*Kaye, McDavitt & Scholer* [*J. Frank McDavitt* of counsel; *Harold L. Fierman* with him on the brief], for the respondent.

GREENBAUM, J.:

The allegations of the amended complaint to which the defendants demur may be summarized as follows:   That the defendants are domestic corporations controlled by the same officers, directors and stockholders; that the first named, National Gravure Circuit, Inc., (which for convenience will be called the " Circuit Company "), entered into a written agreement with the plaintiff, under which it employed his services to sell advertising for a magazine to be published by it, known as the " Motion Play Magazine," and also to secure contracts for the placing of the magazines as a supplement in certain newspapers; that, in consideration of the services so to be rendered, he was to be paid a commission based upon five per cent of all the gross receipts received by the defendant in connection with the magazine in question; that he duly performed the contract, and was thereafter unlawfully discharged.   It is further alleged that about a month after the making of the agreement, the Circuit Company entered into an agreement with the defendant Alco Gravure Printing Company (which will be described as the " Alco Company "), whereby the latter was to print the Motion Play Magazine and extend credit to the Circuit Company for such printing;   that in consideration thereof the defendant agreed to assign to the Alco Company all the advertising and other contracts of the Circuit Company in connection with the Motion Play Magazine; that said contracts were thereupon assigned, and that these assignments " were in fraud of the rights of plaintiff and all other creditors of said defendant, National Gravure Circuit, Inc.; " that thereafter " when moneys were received from newspapers and advertisers, in payment under contracts obtained by the plaintiff, said moneys were delivered to defendant Alco Gravure Printing Company; " that thereafter and during the month of January, 1921, the Alco Company refused further credit to the Circuit Company, and that thereupon the Circuit Company discontinued its connection with the Motion Play Magazine, and that the Alco Company printed and furnished said magazine for a period of time thereafter; that in February, 1921, the Alco Company caused the defendant Gravure Service Corporation (which will be called the " Service Company " ) to be incorporated under the laws of this State with the same officers, directors and stockholders that the Circuit Company had, and that it thereupon published and distributed the Motion Play Magazine and continued and is continuing so to do; that on or about January 28, 1921, plaintiff was notified by the Circuit Company that its contract with plaintiff was at an end, and that no further services would be required of him; that plaintiff's services at the time of his discharge entitled

him to commissions at the rate of $20,000 per year, or $100,000 for the five years covered by plaintiff's contract; that during the month of February, 1921, the defendant Service Company " acquired the entire estate, property, rights and privileges of the defendant National Gravure Circuit, Inc., without consideration, and continued the identical business of the defendant National Gravure Circuit, Inc.; " that the defendants Circuit and Service Companies are insolvent and unable to answer in money damages to plaintiff for the breach of contract, and that the " only material assets of either of said defendants are the moneys received and being received in the hands of defendant Alco Gravure Printing Company from newspapers and advertisers, and that plaintiff has no adequate remedy at law to reach said moneys or to collect his claim from the defendants herein."

The prayer for relief is that the Alco and Service Companies shall be adjudged to hold the moneys of the Circuit Company as trustees for the plaintiff to the extent of five per cent thereof, and that they be ordered to pay over to the plaintiff five per cent of " any and all moneys received by them from the distribution of said Motion Play Magazine and from the advertising conducted therein," and that plaintiff have judgment against all of the defendants in the sum of $100,000.

From the facts alleged in the complaint it is apparent that the claim upon which this action is predicated is merely one for services arising out of the relationship of employer and employee; that plaintiff has no interest as such in the moneys received in the business of the Motion Play Magazine; and that his claim is merely that of a creditor who has not reduced his claim to a judgment. Nor is there any claim asserted that the defendants, other than the Circuit Company, induced the breach of plaintiff's contract. Indeed, the counsel for the plaintiff in their brief expressly state that the " plaintiff has not brought this action upon the theory that he is a judgment creditor of the defendant National Gravure Circuit, Inc., or that any fiduciary relationship existed in the first instance between any of the parties to the action, but asks that the court impress a constructive trust upon the moneys in the hands of the Alco Gravure Printing Co. and the Gravure Service Corporation, upon the ground that, through the manipulations effected by the officers and directors of all three defendants, the plaintiff has been deprived of any remedy at law against the National Gravure Circuit, Inc., with whom his original contract was made, and obviously could have no remedy at law against the defendants Alco Gravure Printing Co. and Gravure Service Corporation."

4

But assuming that the assets of a corporation constitute a trust fund for the payment of its debts, that would not entitle plaintiff to any preference over other creditors, since they are all entitled to share equally in the distribution of the corporation assets. (*Home Bank* v. *Brewster & Co.,* 15 App. Div. 338.)

The complaint sufficiently sets forth facts to indicate that there has been a fraudulent transfer of the assets of the Circuit Company to the Alco Company in the absence of any explanation why its officers and directors utilized three different corporations owned by the same parties to transact the business of printing the magazine in question. But the mere allegations of fraud sufficiently pleaded are not sufficient to entitle the plaintiff to relief without conforming to the procedure prescribed for setting aside the transfers as fraudulent. In such a case a judgment must first be obtained against the debtor who has made the fraudulent transfer, and an execution thereon returned unsatisfied by the sheriff.

There is a class of cases in which it is not practicable for the creditor to begin an action against the debtor, and in such cases, upon proper allegations, the creditor would be absolved from the necessity of doing that which is impossible. Thus in *Skilton* v. *Codington* (185 N. Y. 80, 87) it is stated: " The rule that a creditor must first recover a judgment is simply one of procedure and does not affect the right. Therefore, where the recovery of a judgment becomes impracticable it is not an indispensable requisite to enforcing the rights of the creditor. So it was held that an assignee in bankruptcy could, for the benefit of creditors, attack a fraudulent mortgage, though if a creditor had sought that relief in his own name it would be necessary that his claim be first put in judgment. [*Southard* v. *Benner*, 72 N. Y. 424.] Even where a statute, which secures to creditors liability of stockholders, provides in express terms for the recovery of a judgment and return of execution against the corporation, judgment and execution are unnecessary where they have become impracticable on account of the dissolution of the corporation or of an injunction restraining the prosecution of suits against it."

In *Southard* v. *Benner* (*supra*) the court said: " A creditor at large cannot assail an assignment or other transfer of property by the debtor as fraudulent against creditors, but must first establish his debt by the judgment of a court of competent jurisdiction, and either acquire a lien upon the specific property or be in a situation to perfect a lien thereon, and subject it to the payment of his judgment upon the removal of the obstacle presented by the fraudulent assignment or transfer. Every assignment or conveyance of property with intent to hinder, delay, or defraud

creditors, is void as against creditors, not only at common law but by statute, and every conveyance or transfer of chattels not followed by an actual and continued change of possession is presumed to be fraudulent as against creditors, and such want of change of possession is conclusive evidence of fraud, unless it be shown that the same was not made with intent to defraud. The term ' creditors,' as used in the statute, includes all persons who are creditors of the vendor or assignor at any time whilst the goods remain in his possession or under his control (2 R. S. 136, §§ 5, 6.)* A creditor by simple contract is within the protection of the statute as much as a creditor by judgment, but until he has a judgment and a lien, or a right to a lien upon the specific property, he is not in a condition to assert his rights by action as a creditor. (*Geery* v. *Geery*, 63 N. Y. 256; *Frisbey* v. *Thayer*, 25 Wend. 396.) The plaintiff, as assignee in bankruptcy, represents the whole body of creditors and may, in their behalf, impeach a conveyance of property by the bankrupt as fraudulent whenever the creditors might or could by any process acquire the right to contest its validity."

But there are no facts set forth in the complaint under review which indicate that it is impracticable to enter judgment against the Circuit Company, or to issue an execution thereon. There seems to be no alternative but to hold that the complaint insufficiently sets forth a cause of action against the demurring defendants, excepting as to the defendant National Gravure Circuit, Inc. As to that corporation, there is a sufficient allegation of a breach of the contract to entitle plaintiff to money damages, as prayed for in the complaint. But if the action is to be treated as an action at law, then the demurrer that causes of action are improperly united must be sustained.

The order overruling the demurrers should be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings granted, with ten dollars costs and disbursements, with leave, however, to plaintiff to serve an amended complaint upon the payment of costs and disbursements within twenty days after service of notice of entry of the order herein.

CLARKE, P. J., and DOWLING, J., concur; SMITH and PAGE, JJ., dissent.

Order reversed, with ten dollars costs and disbursements, and motions granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.

* See Pers. Prop. Law, §§ 35, 36; Laws of 1911, chap. 571, § 2.— [REP.