THE ISLAND PAPER COMPANY, Plaintiff, *v.* CARTHAGE TIMBER CORPORATION and Others, Defendants.

Supreme Court, Jefferson County, November 20, 1926.

Depositions — motion for examination of defendant before trial under Civil Practice Act, § 292 — counter-motion to dismiss complaint under Rules of Civil Practice, rule 112 — later motion must be first considered — corporations — action against directors under General Corporation Law, §§ 90 and 91, for official misconduct — plaintiff, not being judgment creditor, cannot sue directors, under Stock Corporation Law, § 58, for payment of illegal dividends — Debtor and Creditor Law, § 279 (as added by Laws of 1925, chap. 254), only applies to conveyances made to delay, hinder or defraud creditors — contracts — reformation — contract provided for sale of standing timber at fixed price per cord — reformation cannot be made on ground that amount was less than estimated — action to recover overpayment was prematurely brought — no cause of action stated against corporation based on alleged payment of illegal dividends.

Where the plaintiff moves under section 292 of the Civil Practice Act for an order to examine defendants before trial, and the defendants notice a counter-motion returnable at the same time to dismiss the complaint, under rule 112 of the Rules of Civil Practice, the latter motion should be first considered and decided.

In an action against the directors of a corporation for official misconduct under sections 90 and 91 of the General Corporation Law, the complaint must allege that plaintiff is a judgment creditor of the corporation.

The plaintiff cannot sue such directors, under section 58 of the Stock Corporation Law, for the payment of illegal dividends, for it is not a judgment creditor,

Section 279 of the Debtor and Creditor Law (as added by chap. 254 of the Laws of 1925) has no application, since it only refers to conveyances with actual or presumed intent to hinder, delay or defraud creditors, and has no reference to an action brought to enforce a statutory liability.

A contract for the sale of standing timber on a certain tract of land therein described, at a specified price per cord, which timber, under the terms of the contract, must be cut and removed by the plaintiff within ten years, cannot be reformed by changing the estimated number of cords from 60,000 to 30,000, on the ground of mutual mistake, in that the actual number of cords on the land did not exceed 30,000, since the contract was for the sale of all the timber at a specified price per cord and not a sale of 60,000 cords in gross. Any overpayment in excess of the actual number of cords which may have been made on the basis of the estimate of 60,000 cords, cannot be retained by the defendant, and, therefore, the estimate in the contract is immaterial. Furthermore, it appears in the complaint that a subsequent contract between plaintiff and defendants provides that the defendants would repay to the plaintiff any such overpayment with interest if the final measurement of the timber should determine that there had been an overpayment.

Nor is a cause of action stated in the complaint to recover for any overpayment of the timber under said contract, since, by the terms thereof, plaintiff had ten years within which to remove said timber, and in the face of proof that all the timber has not been cut and removed said action is prematurely brought in so far as a claim for reimbursement is concerned.

The complaint in the action against the directors of the corporation for official misconduct, being insufficient against said directors because of the failure to allege that the plaintiff is a judgment creditor, is, for the same reason, insufficient against the corporation, and, therefore, no cause of action is stated against it for recovery against the individual directors.

MOTION by plaintiff to examine defendants before trial. Counter-motion by defendants to dismiss the complaint for insufficiency.

*Kilby, Norris & Smith* [*George S. Reed* of counsel], for the plaintiff.

*Porter & Porter* [*Delos Cosgrove* of counsel], for the defendants.

CHENEY, J. Plaintiff moved under section 292 of the Civil Practice Act for an order to take the depositions of the defendants before trial. Defendants noticed a counter-motion, returnable at the same time, to dismiss the complaint for insufficiency, as provided by rule 112 of the Rules of Civil Practice. It is proper that the later motion should be first considered and decided, as there should not be an examination before trial until the issues are settled.

The complaint apparently attempts to state three separate and distinct causes of action, although they are not separately stated and numbered, as required by rule 90 of the Rules of Civil Practice, and no motion has been made to compel a compliance with that rule. The first of those causes of action is for a reformation of a certain contract executed by the plaintiff and the defendant Carthage Timber Corporation on the ground of mutual mistake.

In such an action the only necessary and proper parties are the two corporations who were parties to the contract, and no claim can be made that in so far as the complaint refers to the reformation of the contract it states a cause of action against the individual defendants. As to whether it states a cause of action against the corporation defendant will be discussed later. The second cause of action alleged in the complaint is one to recover from the corporation defendant, as for money had and received, certain overpayments which plaintiff claims to have made to it pursuant to the contract in question, which was a contract for the purchase of all the pulp wood upon a certain tract of land owned by the corporation defendant. To such an action, also, the individual defendants are neither necessary nor proper parties, as the complaint contains no allegations connecting them in any way with the transaction, and as to them no cause of action is stated. The third cause of action stated is one to recover from the individual defendants the amount of certain funds and property of the corporation defendant which it is alleged they as directors thereof unlawfully caused to be paid to themselves as stockholders in the form of alleged dividends which were paid out of capital and not out of profits. As such a cause of action brought by plaintiff as a creditor is a derivative one prosecuted for the benefit of the corporation, the corporation is a necessary defendant.

It is probable that these causes of action have been improperly joined. (*Abbott* v. *National Gravure Circuit*, 200 App. Div. 47.) But as this objection has not been taken by motion under rule 102 of the Rules of Civil Practice, and the time within which it might be taken has expired (Rule 105), it is waived. (Civ. Prac. Act, § 278.) The only question which can be determined here is whether this complaint states any cause of action against these different defendants. As already stated, no cause of action for the reformation of the contract or the recovery of the overpayments upon the contract is stated against the individual defendants, and as to them the complaint must stand or fall upon the sufficiency of the third cause of action, the balance of the complaint being merely surplusage.

If it is claimed that the defendants have been guilty of misconduct in their capacity as directors of the corporation, relief may be had under section 90 of the General Corporation Law, which provides that " An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires: 1. Compelling the defendants to account for their official conduct, including any neglect of or

failure to perform their duties, in the management and disposition of the funds and property, committed to their charge. 2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties."

By section 91 of the General Corporation Law it is provided that such action prescribed in the preceding section may be brought by the Attorney-General in behalf of the people of the State, or by a creditor of the corporation, or by a trustee, director, manager or other officer of the corporation having a general superintendence of its concerns.

It has been uniformly held, ever since this statute and its predecessors have been a part of our law, that the phrase " creditor of the corporation " used therein must be interpreted to mean creditors whose claims have been fixed and adjudicated by judgment. (*Belknap* v. *North America Life Ins. Co.*, 11 Hun, 282; *Cole* v. *Knickerbocker Life Ins. Co.*, 23 id. 255; *Paulsen* v. *Van Steenbergh*, 65 How. Pr. 342; *Bewley* v. *Equitable Life Assurance Soc.*, 61 id. 344; *Swan* v. *Mutual Reserve Fund Life Assn.*, 20 App. Div. 255; affd., 155 N. Y. 9; *Steele* v. *Isman*, 164 App. Div. 146.) There is no allegation in the complaint here showing that the plaintiff is a judgment creditor of the corporation, and hence it is fatally defective as stating a cause of action under section 90 of the General Corporation Law. (*Steele* v. *Isman, supra.*)

But plaintiff claims that the action is not based upon this act, but upon section 58 of the Stock Corporation Law of 1923, which reads as follows: " No stock corporation shall declare or pay any dividend which shall impair its capital or capital stock, nor while its capital or capital stock is impaired, nor shall any such corporation declare or pay any dividend or make any distribution of assets to any of its stockholders, whether upon a reduction of the number of its shares or of its capital or capital stock, unless the value of its assets remaining after the payment of such dividend, or after such distribution of assets, as the case may be, shall be at least equal to the aggregate amount of its debts and liabilities including capital or capital stock as the case may be. In case any such dividend shall be paid, or any such distribution of assets made, the directors in whose administration the same shall have been declared or made, except those who may have caused their dissent therefrom to be entered upon the minutes of the meetings of directors at the time or who were not present when such action was taken, shall be liable jointly and severally to such corporation and to the creditors thereof

to the full amount of any loss sustained by such corporation or by its creditors respectively by reason of such dividend or distribution."

My attention has not been called to any case wherein it has been directly held that the word " creditors " as used in this particular statute should be construed to mean only judgment creditors. In fact it seems to have been assumed that only a judgment creditor could bring such an action, and in the only reported cases that I have found where the action is brought by a creditor, it has been a judgment creditor. (*Shaw* v. *Ansaldi Co.*, 178 App. Div. 589; *Johnson* v. *Nevins*, 87 Misc. 430; *Christianssand* v. *Federal S. S. Corp.*, 121 id. 627.) But the reasoning in all the cases under the General Corporation Law, section 90, and under the general principles of equity, to set aside a transfer of assets of a corporation made by its directors in fraud of creditors, would apply equally to an action under this statute, and it would appear that the logical holding must be that this remedy can only be invoked by a creditor whose claim has been fixed by judgment. It has been held that " creditors, seeking the aid of a court of equity to reach equitable assets of their debtor in satisfaction of their claims, must first have exhausted their legal remedies, according to the laws of this state, by the recovery of a judgment in one of its courts and the return of execution thereon unsatisfied." (*Trotter* v. *Lisman*, 199 N. Y. 497.) The debt is not the debt of the individual defendants who have made the illegal dividend, and the basis of the liability, whether it is based upon the common-law doctrine that the capital of a corporation is a trust fund for the payment of its debts, or by reason of this statute, is that the individual defendants have wrongfully depleted the assets of the corporation, so that there is not enough left to pay the debts, and by the very language of the statute the directors are only liable for any loss sustained by the creditors respectively by reason of such dividend or distribution. " The loss to any creditor depends, of course, upon the proportion which the total debts bore to the assets diverted, and the directors' 'joint and several' liability is to be resorted to when the amount of a fund recoverable from them for the benefit òf the corporation and the creditors has been determined. This adjustment calls for a representative action in equity; it cannot be had in an action at law by or in behalf of a single creditor." (*Johnson* v. *Nevins*, 87 Misc. 430; *National Bank of Auburn* v. *Dillingham*, 147 N. Y. 603; *Marshall* v. *Sherman*, 148 id. 9.)

As was said in *Steele* v. *Isman* (164 App. Div. 146, 149): " There is the soundest public policy in not permitting a mere general creditor to compel an accounting of the officers of a solvent corporation. The management of a corporation is intrusted to its

directors and officers, and they are accountable to it. It might result in intolerable abuse if any or every holder of a claim against a corporation should be held to be entitled to such an equitable action."

Attention has been called to section 279 of the Debtor and Creditor Law, and the claim is made that this preserves the remedy even to creditors whose claims have not matured, and consequently cannot be evidenced by a judgment. This is the Uniform Fraudulent Conveyance Act, which was added by chapter 254 of the Laws of 1925, taking effect April 1, 1925, and only refers to conveyances made with intent, actual or presumed in law, to hinder, delay or defraud creditors. It has no reference to an action such as this which is brought to enforce a statutory liability, and not to set aside a transfer.

I am, therefore, of the opinion that the complaint does not state any cause of action against the individual defendants.

I will now discuss the question whether the complaint states facts sufficient to constitute a cause of action against the corporation defendant.

*First.* As to whether a cause of action for reformation of the contract is made out. There can be no question but that a court will not reform an instrument merely for the sake of reforming it, nor where the reformation would be useless and of no effect, as would be the case when the legal construction of the contract would be the same before as after reformation. (*Pittsburgh Amusement Co. v. Ferguson,* 115 App. Div. 241; *Heert v. Cruger,* 14 Misc. 508.)

The contract which it is sought to reform is set out in full and made a part of the complaint and its construction for the purpose of determining the necessity of reformation will be determined by a consideration of the contract itself and not by the statement of its legal effect by the pleader in his complaint. (*Bogardus v. N. Y. Life Ins. Co.,* 101 N. Y. 328; *Buffalo Catholic Institute v. Bitter,* 87 id. 250.) From this contract it is evident that it is an agreement by the corporation defendant to sell and the plaintiff to buy all the hemlock, spruce and balsam timber upon a certain tract of land therein described, and that the payment therefor was to be made at the rate of five dollars per cord for the timber actually taken. As the cutting of the timber was permitted by the contract to extend over a period of ten years, the seller would be deprived of his pay until the wood was all cut and the amount thereof ascertained, unless other provision was made by the contract, so this provision was made to cover the situation: " And said hemlock, spruce and balsam is estimated to amount to 60,000 cords and the party of the second part hereby agrees to pay for said

timber the sum of $5.00 per cord stumpage making payments on said estimated amount as follows: $50,000 on or before the 1st day of July, 1920; $50,000 on the 31st day of December, 1920; $50,000 on the 1st day of July, 1921; $100,000 on the 31st day of December, 1921. It is agreed between the parties hereto that said timber remaining uncut shall be cruised on or about the 1st day of June, 1922, and the amount of timber then agreed upon and any balance then remaining unpaid of the total amount of such timber actually on said premises shall be paid for on July 1st, 1922."

The contract further provided:

" In case the amount of timber cut and removed shall at said rate of $5.00 per cord exceed the payments made up to the time of such removal that then the party of the second part will pay a sufficient amount in addition to the amount above provided to be paid to cover the stumpage removed from the premises," and further

" The estimate of 60,000 cords for hemlock, spruce and balsam timber as hereinabove set forth is simply made for the purpose of the payments to be made, but it is distinctly understood that the party of the first part actually estimates said timber to be 80,000 cords."

Plaintiff alleges in the complaint that the statement of the estimated amount of such timber, to wit, 60,000 cords, was inserted in said written instrument by the mutual mistake of the plaintiff and the defendants as to the actual amount of hemlock, spruce and balsam timber then on said tract of land, and further that the amount thereof on said premises at the time of the execution of said agreement did not exceed 30,000 cords, and in its demand for relief it asks that the contract be reformed by changing the amount of the estimate from 60,000 cords to 30,000 cords and by striking out all provisions for payment in excess of $150,000.

It is beyond question that the time of a court of equity should not be taken up in making immaterial changes in contracts, nor unless the rights of the parties under the contract would be altered by the change if made.

The contract in question is not a sale in gross, but a sale of the timber at a specified price per cord, and the seller cannot obtain or retain payment for any more timber than is on the land. As the amount of timber can only be definitely ascertained by cutting and measuring it, the estimate of the amount is entirely immaterial, and the rights of the parties are the same whether the estimate be 60,000 cords or 30,000 cords. If the final count should determine that the plaintiff has overpaid, it would have a cause of action for repayment, independent of the contract, as for money had and

received.   But in this case it appears in the complaint that a subsequent contract was executed between these parties in which the corporation defendant expressly agrees to repay to the plaintiff any such overpayment, with interest, if the final measurement shall determine that there has been an overpayment.   There is no force in the suggestion that the estimate fixes the terms of payment, and that it is material in that regard, for it appears from the complaint that all of the payments called for by the contract have already been made, consequently the contract in that regard has already been executed, and if there had been an overpayment, the plaintiff's only remedy is to recover such overpayment, which is to be determined, not by the estimate, but by actual measurement of the timber on the tract.

I am, therefore, of the opinion that a cause of action for the reformation of the contract is not stated in the complaint.

*Second.* Is a cause of action stated in the complaint to recover for any overpayments for the timber under this contract?   I am of the opinion that it is not.   The contract provides that the amount of the timber to be paid for under the contract shall be determined by actual measurement when it is finally cut and removed by the plaintiff, and it has ten years in which to do that, and that then and in that event the defendant corporation will repay to the plaintiff any such overpayment so determined with interest.   There is no allegation in the complaint that the timber has all been cut and removed and measured, and that upon such measurement it has been determined that there has been an overpayment.   On the contrary, it is distinctly stated that the timber has not all been cut and removed, and plaintiff bases its claim for reimbursement upon a statement of the amount actually cut, and its estimate of the amount still standing.

It is evident that the action is prematurely brought, in so far as a cause of action for recovery of the overpayment is concerned.

*Third.* No cause of action is stated against the corporation defendant for the recovery against the individual directors for the payment of illegal dividends.   As such an action is perhaps a derivative action to recover funds of the corporation which have been illegally diverted, it is probable that the corporation is a necessary party.   But the action is against the directors based upon their own illegal acts, and does not lie against the corporation alone.   It having already been held that no cause against the directors is stated in the complaint, for the same reasons the complaint must fail as to the corporation.

The motion for judgment on the pleadings is granted, with costs, with leave to plaintiff to serve an amended complaint within

Surrogate's Court, Clinton County, November, 1926. [Vol. 128

ten days after the service of the order herein, upon payment of such costs. In default thereof, the complaint is dismissed, with costs.

The motion for the examination of the defendants before trial is denied, without prejudice to a renewal of such motion when the issues are properly framed.