ROBERT S. LEVY, on Behalf of Himself and All Other Persons Similarly Situated, Plaintiff, *v.* PARAMOUNT PUBLIX CORPORATION and Others, Defendants.

Supreme Court, New York County, July 14, 1933.

*Samuel Zirn*, for the plaintiff.

*Cravath, deGersdorff, Swaine & Wood* [*William D. Whitney* of counsel], for the defendant directors.

HAMMER, J. This is a motion, pursuant to Rules of Civil Practice, rule 106, for judgment dismissing the complaint as to nine individual defendants, directors of the defendant Paramount Publix Corporation (hereinafter referred to as Paramount), on the ground that in respect to said defendants the complaint does not constitute a cause of action and that the plaintiff has not legal capacity to sue.

The action is a representative one brought by the holder of $5,000 of bonds of Paramount due in 1950. There is a total of more than $13,000,000 of such bonds. Plaintiff for himself and on behalf of all other bondholders similarly situated sues to compel the defendant directors of Paramount to account to the corporation and its creditors for their alleged official misconduct and any loss entailed thereby. The plaintiff is apparently not suing to establish personal claim. There is no allegation in the complaint that his bond is due and payable. There is no prayer for a money judgment for the plaintiff individually for the amount of his bonds.

The bonds in question were issued under an indenture (a copy of which is annexed to the complaint as an exhibit), which pro-

vided in article 8 thereof that: "In order to promote and protect the equally ratable rights of every holder of the Bonds and to avoid multiplicity of suits, all the Bonds shall be subject to the condition that all rights of action thereon, or in respect thereof, or on or in respect of the coupons thereto appertaining, are vested exclusively in the Trustee under this Indenture, and that no holder of any Bond or coupon appertaining thereto shall have any right to institute any action, at law or in equity, upon the Bonds or any of the appurtenant coupons, or growing out of any provision thereof, or of this Indenture or for the enforcement of this Indenture unless and until the Trustee shall refuse or neglect to institute proper proceedings by way of remedy within a reasonable time after the request of the holders of one-quarter in amount of the Bonds then outstanding, filed with the Trustee, with offer of reasonable indemnity. * * * "

There is no allegation of the demand by the holders of twenty-five per cent in amount of the bonds outstanding, upon the trustee under this indenture, to bring action, nor is any excuse for not complying with this condition of the indenture alleged.

The complaint in respect of the defendant directors charges that, in violation of law, they caused Paramount to consummate certain stock repurchase agreements at a time when it had no surplus available for such purpose (pars. 12–15); that they caused Paramount, while insolvent, to make conveyances of certain valuable assets, for less than a fair consideration, with intent to hinder, delay and defraud its creditors (pars. 15, 16); that they caused Paramount to create a wholly owned subsidiary (Film Production Corporation) and to transfer certain uncompleted film negatives to it in order to give certain bank creditors a preference, in violation of the covenants of the indenture under which the bonds were sold and in violation of section 15 of the Stock Corporation Law and of article 10 of the Debtor and Creditor Law (Fraudulent Conveyances Act) (par. 17); and that they caused Paramount to continue an expansion program in 1930 when others were retrenching and to adopt a program of decentralization of theatre properties in 1932 for the benefit of the directors of Paramount and their friends (pars. 19, 20).

The plaintiff is not a judgment creditor nor a holder of a matured obligation of Paramount. The complaint states that the bonds were not due until 1950 (par. 4). Plaintiff is apparently proceeding against the director defendants under sections 60 and 61 of the General Corporation Law, in respect of which it has been held that a creditor who is not a judgment creditor may not bring such suit against individual directors. (*Steele* v. *Isman*, 164 App.

Div. 146 [1st Dept.]; *Bristol Mfg. Corp.* v. *Elk Textile Co., Inc.,* 209 id. 95 [1st Dept.]; White, New York Corporations [1929 ed.], vol. 1, § 61, at p. 503.)

In *Steele* v. *Isman* a bondholder whose interest was due and unpaid attempted to bring an action in equity to compel the directors of the corporation to account for official misconduct and to pay to the corporation or its creditors the money and the value of the property which they had acquired to themselves or lost through neglect of their duties (the same relief as that requested by the plaintiff herein). Defendant moved for judgment on the pleadings on the ground that the complaint was insufficient for lack of an allegation that plaintiff was a judgment creditor, and the motion was denied. On appeal, the Appellate Division of this department reversed the Special Term and entered an order granting the motion on the ground that no such action could be brought by any creditor without first obtaining a judgment and pursuing his remedy against the corporation. The court stated that: " There is no case cited by the respondents affecting in the slightest degree the unbroken line of authorities which hold that ' creditor ' in this statute means judgment creditor " (p. 149).

In that case a general creditor of the corporation sued at law to recover damages for failure of the defendant corporation to accept merchandise purchased by it from plaintiff and also in equity against the directors for official misconduct. The corporation had previously been dissolved. After trial, the court granted judgment in favor of the corporation and the individual directors. It appears that the plaintiff has not alleged or shown that he was a judgment creditor so as to bring his case within sections 60 and 61 of the General Corporation Law. The plaintiff sought to justify the action under section 221 of the General Corporation Law (now section 105 of the Stock Corporation Law), but the court held that that statute only authorized actions at law against the corporation and did not authorize a suit in equity against the directors. On appeal, the Appellate Division, after a full discussion of the case, unanimously affirmed the judgment of the Special Term.

The exception to this rule, mentioned in *Lilienthal* v. *Betz* (108 App. Div. 222; revd. on other grounds, 185 N. Y. 153) and *Giles Dyeing Mach. Co.* v. *Klauder-Weldon Dyeing Mach. Co.* (198 App. Div. 564; revd. on other grounds, 233 N. Y. 470), has no application to this case. In the *Lilienthal* case the court held that a creditor whose claim has matured may bring an action, provided he can show that it would be futile to obtain judgment against the corporation.

In *Giles Dyeing Mach. Co.* v. *Klauder-Weldon Dyeing Mach.*

*Co.* the court affirmed the general principle that it would not require a useful effort to be made which would be productive of no results, but the creditor there had a valid and mature claim against the insolvent corporation. Here the plaintiff's claim is not mature. To apply the exception, rather than the rule, in the instant case would be to establish a precedent that might be both dangerous and unsound.

I do not believe that section 279 of the Debtor and Creditor Law, providing that a creditor, whose claim has not matured, may proceed against any person against whom he could have proceeded had his claim matured, changes the rule that no action lies against the individual directors except at the suit of the judgment creditor. (*Island Paper Co.* v. *Carthage Timber Corp.*, 128 Misc. 246, at pp. 249–251.)

In that case a general creditor possessing a matured obligation brought a representative action in equity to compel the directors to account for official misconduct and to recover certain funds which they had unlawfully caused to be paid to themselves as stockholders in the form of dividends. Upon a cross-motion to dismiss the complaint for insufficiency, the court held that such an action under sections 60 and 61 (then sections 90 and 91) of the General Corporation Law can only be brought by a judgment creditor.

The plaintiff thus sought to justify the action under section 58 of the Stock Corporation Law, which makes directors liable to creditors for the payment of unlawful dividends, but the court held that the same reasoning was applicable in the case of that statute, and held that the word " creditor " should be interpreted to mean " judgment creditor."

The plaintiff also contended that section 279 of the Debtor and Creditor Law (Fraudulent Conveyances Act) permitted the action to be brought by a creditor, but the court pointed out that the Fraudulent Conveyances Act only had reference to actions to set aside transfers, and did not authorize the suit of a creditor against directors to enforce a statutory liability. The Debtor and Creditor Law gives no action against the directors, and the rights of the plaintiff are to be found in section 60 of the General Corporation Law. The Stock Corporation Law permits an action in certain cases against directors, but the word " creditor " should, to be consistent, receive the same construction under the law that it receives under section 60 of the General Corporation Law.

The indenture provides that no individual bondholder may bring an action " on or in respect of the bonds," unless he shows that the holders of twenty-five per cent in amount of the bonds have

made a demand upon the trustees to sue and been refused. No such demand has apparently been made, nor does the complaint so allege. The indenture prohibits bondholders from bringing " any action at law or in equity upon the bonds or any apputernant coupons, or growing out of any provision thereof," and specifically provides that all actions on " or in respect of " the bonds are vested exclusively in the trustee. An individual bondholder may not bring a representative action unless there has been compliance with the said conditions of the indenture. (*Batchelder* v. *Council Grove Water Co.*, 131 N. Y. 42; *Greene* v. *New York United Hotels, Inc.*, 236 App. Div. 647 [1st Dept.]; affd., 261 N. Y. 698.)

Heretofore the Special Term upon the complaint and affidavit granted an injunction herein. The plaintiff argues that, regardless of whether the learned justice at Special Term was right in granting an injunction, his decision governs this motion and establishes the sufficiency of plaintiff's complaint and his capacity to sue. It appears, however, that the order of the court was addressed to three corporate defendants, to wit, Paramount Publix Corporation, the Chase National Bank of the city of New York, and Film Production Corporation. The individual directors of Paramount received no notice of, and were not heard on, the motion, and it is assumed did not appear. As to these defendants, it would hardly be said that the decision on such a motion is the law of this case.

The plaintiff has attempted to submit herein an affidavit which the court has not considered. A motion under rule 106 must be determined upon the face of the complaint, and affidavits may not be considered. (*King* v. *Krischer Mfg. Co., Inc.*, 220 App. Div. 584, 586 [1st Dept.].)

In that case, Mr. Justice MARTIN, writing for the Appellate Division of this department, stated the principle applicable here: " The motion must stand or fall on the complaint, irrespective of the affidavits, because defendant is seeking to dismiss the complaint on the ground that it does not state a cause of action." (See, also, *Haas* v. *New York Post Graduate Medical School & Hospital*, 131 Misc. 395; *Baycourt Estates Co.* v. *Dickerson*, [Supp.] 194 N. Y. Supp. 190; affd., 202 App. Div. 731; *Velsor* v. *Freeman*, 118 Misc. 276.)

For the foregoing reasons, the motion of the aforesaid defendants to dismiss the complaint is granted. Settle order on notice.