DAVID W. SASS, Appellant, *v.* NEW YORKER TOWERS, LTD., Respondent.

First Department, April 29, 1965.

*Leonard M. Lake* of counsel (*Richard E. Burns* with him on the brief; *Dannenberg, Hazen & Lake,* attorneys), for appellant.

*Sidney Roffman* for respondent.

STEVENS, J. Plaintiff appeals from an order entered September 21, 1964, denying his motion for summary judgment. The cross motion of the defendant for summary judgment was denied also.

Plaintiff-appellant is the owner and holder of two of defendant's 12% debentures of $5,000 each face value, dated April 1, 1960. The debentures are part of an outstanding bond issue of $500,000 subscribed by the stockholders of defendant, a closed corporation, having a small group of stockholders, and bear a maturity date of April 1, 1964. The record indicates the stockholders, in effect, agreed to loan defendant $500,000, but in lieu of receiving preferred stock or having the loan treated as a book loan, elected to have the corporation issue identical bonds to them, which bonds contained several unusual features. The bonds provided for an interest rate of 12%, payable monthly (which by agreement was reduced to 6% effective January 1, 1963), with a provision if the hotel were sold, the bonds became due immediately upon the sale, and carried conversion rights at the initial cost per share. Additionally the bonds contained the following provisions:

"1. If default be made in the payment of the principal or interest on this debenture, or any other of this authorized issue, and such default continues for a period of ninety (90) days, the total principal amount thereof, and all interest due thereon shall forthwith become due and payable unless 85% of the registered holders of the principal amount outstanding waive any default and its consequences, and any such waiver shall be conclusive and binding upon the holder of this debenture.

"2. No holder of debentures of this issue shall institute any suit or proceeding for the enforcement of the payment of prin-

cipal or interest unless the holders of 85% or more join in such suit or proceeding."

As noted, the bonds were issued to the stockholders and not to the public at large, but in several instances the stockholder sold the bond or the right to subscribe to the bond to a non-stockholder. Appellant, a nonstockholder, purchased his right from one of the stockholders. His rights, as a general proposition, would be no more nor less than that of the stockholder. (See General Obligations Law, §§ 13–101, 13–105, 13–107; Stock Corporation Law, § 39.) Appellant served a summons after the maturity date and moved for summary judgment pursuant to CPLR 3213, seeking both the face amount of the bond and the 6% interest differential from January 1, 1963. It is from the denial of the motion that this appeal is taken.

The parties are in seeming agreement that the interpretation of the contract provisions is a question of law and not of fact. Appellant asserts that the debenture makes an unconditional promise to pay at maturity, that such date having passed he is entitled to judgment, and the 85% provision for joinder of the stockholders in an action is unconscionable and should be declared void. Respondent contends that appellant is bound by the contractual limitations of the bond, and is not entitled to summary judgment.

There is no dispute as to the circumstances surrounding the issuance and sale of the debentures, or the purpose thereof. Nor does plaintiff claim to have been misled, deceived, or even ignorant of the purpose when making the purchase. Unless other facts or elements dictate a contrary holding plaintiff will not prevail (*Belden* v. *Burke,* 147 N. Y. 542). We look then to the debenture to determine if there is ambiguity, or if the " no action " clause is unconscionable and should be disregarded.

A mere reading of the debenture reveals the terms and conditions are set forth clearly. So clearly in fact that " he who runs may read " without difficulty. We find no ambiguity in the language. Moreover, the high rate of interest provided would, under ordinary conditions, provoke more than a casual interest in the reading in order to ascertain what limitations were consequent upon the enjoyment of such a generous return.

This case may be distinguished from the *Lubin* case (*Lubin* v. *Pressed Steel Car Co.,* 146 Misc. 462) where recovery was allowed. In the *Lubin* case the " no action " provision was contained in an indenture in the hands of the trustee, to which indenture only the briefest of references was made on the face of the bond which contained an unconditional promise to pay at maturity. While the court recognized the indenture and

the bond should be read and construed together in order to ascertain the intent of the parties, it concluded that if there is an inconsistency between the instruments the bond must prevail. (Cf. *Levy* v. *Paramount Publix Corp.*, 149 Misc. 129, affd. 241 App. Div. 711, affd. 265 N. Y. 629, an action by a holder of an unmatured bond.) Here the limitation appears on the face of the debenture itself. So also if there is an ambiguity in or between the documents it will be construed against the issuing corporation (*Rothschild* v. *Rio Grande Western Ry. Co.*, 84 Hun 103, affd. 164 N. Y. 594) which created or bears responsibility for such ambiguity.

The attempted analogy by appellant between a trustee unwilling to sue to protect the interest of the bondholders (*O'Beirne* v. *Allegheny & Kinzua R. R. Co.*, 151 N. Y. 372) and the failure of the other stockholders, or at least 85%, to join with appellant in this or similar suits, will not stand analysis. Here the stockholders bound themselves because of a common interest — the protection of their investment already made in the corporation.

Generally the rights of a holder of a corporate bond are "determined, either by the subscription agreement or by the mortgage under which the bonds were issued to and accepted by him" (*Elliott* v. *Guardian Trust Co.*, 145 App. Div. 166, 172, mod. on other grounds 204 N. Y. 212; *Mitchell* v. *Madison Ave. Offices*, 147 Misc. 149), or by the express language of the bond.

It is worthy of note to observe the Restatement provides: "A bargain to forego a privilege, that otherwise would exist, to litigate in a Federal Court rather than in a State Court, or in a State Court rather than in a Federal Court, or otherwise to limit *unreasonably* the tribunal to which resort may be had for the enforcement of a possible future right of action or the time within which a possible future claim may be asserted, is illegal" (Restatement, Contracts, § 558; emphasis supplied). The key word in its application to the instant case is "unreasonably."

Under the facts shown and the circumstances present the limitation imposed is not, as a matter of law, unreasonable.

The order appealed from should be modified, on the law, without costs or disbursements to either party, and judgment directed granting cross motion of defendant for summary judgment dismissing the complaint and as so modified affirmed.

The appeal from the order entered December 18, 1964, denying reargument, should be dismissed as nonappealable (*Weiss* v. *Weiss*, 225 App. Div. 700; *Matter of Rzepecka*, 284 App. Div. 867).

Breitel, J. P., Valente, McNally and Eager, JJ., concur.

Order, entered on September 21, 1964, unanimously modified, on the law, to the extent of granting defendant's cross motion for summary judgment, and, as so modified, affirmed, without costs and without disbursements to either party.

Appeal from order entered on December 18, 1964, unanimously dismissed as nonappealable, without costs and without disbursements to either party.