OPINION OF THE COURT
Per Curiam.
The order of the Appellate Division should be affirmed.
The defendant pleaded guilty after the denial of his motion to suppress evidence seized pursuant to an eavesdropping warrant.
*63 The Appellate Division affirmed, without opinion (100 AD2d 982).
On this appeal the defendant argues that a number of errors were committed in connection with the motion to suppress. Only two points warrant discussion.
First the defendant argues that the court denied his motion to suppress without considering the merits of his contention that the warrant application did not establish probable cause. The defendant notes that the suppression court expressed some reluctance to review the probable cause determination made by the Judge who issued the warrant, a Justice of coordinate jurisdiction (CPL 700.05). This concern was unfounded. By statute the court had jurisdiction to entertain the defendant’s motion to suppress (CPL 710.50) and could not summarily deny it simply because the warrant had been issued by another Justice of the court (CPL 710.60 [2], [3]; cf. Matter of De Joy v Zittell, 67 AD2d 1076). Although the Judge who issued the warrant had determined that probable cause existed, the law of the case doctrine did not preclude the defendant from seeking to have that determination reviewed in the context of a motion to suppress submitted to another Judge of that court. The warrant was an ex parte order and the law of the case doctrine does not prevent the defendant from challenging a determination which he had no opportunity to litigate at the time it was made (21 CJS, Courts, § 195, at 334-335; Levy v Paramount Publix Corp., 149 Misc 129, affd 241 App Div 711, affd 265 NY 629; People v Martin, 97 Mise 2d 441, revd on other grounds 71 AD2d 928). To the extent that People v Romney (77 AD2d 482) holds to the contrary it is erroneous and should not be followed.
However, the defendant is mistaken in his belief that the court rejected his probable cause argument on this procedural ground. The record shows that despite the initial reluctance the court did entertain the motion on the merits and concluded that probable cause was not lacking.
Second, the defendant urges that the suppression court erred in concluding that the police did not violate his constitutional rights by using a pen register on his telephone line without a warrant. Evidence obtained in this manner was later included in the application for the eavesdropping warrant. The defendant concedes that the use of the pen register did not violate his rights under the 4th Amendment (Smith v Maryland, 442 US 735), but urges that he is afforded greater protection in this regard under the State Constitution (art I, § 12). This court rejected a similar argument in an analogous case involving toll *64 billing records (People v Di Raffaele, 55 NY2d 234, 241-242). The defendant seeks to distinguish this case on the ground that pen register records are potentially more revealing than toll records because they provide a list of all numbers dialed, both local and long distance or toll calls and therefore are entitled to greater protection from police scrutiny. In each instance, however, the information is available to the telephone company and, as we noted in People v Di Raffaele (supra), the defendant “had no legitimate expectation of privacy in the records maintained by the telephone company”.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Kane* concur in Per Curiam opinion; Judge Alexander taking no part.
Order affirmed.

 Designated pursuant to NY Constitution, article VI, § 2.