ROBERT S. BUTTLES, as Receiver of SEABOARD TRADING COMPANY, Appellant, *v.* ALBERT L. SMITH et al., Individually and as Copartners under the Name of EDWARD B. SMITH & Co., et al., Respondents.

Argued May 29, 1939; decided July 11, 1939.

230

*Bertram F. Bongard* and *Douglas H. Thayer* for appellant.

*Ralph M. Carson* and *John D. Hyde* for Albert L. Smith et al., individually and as co-partners under the name of Edward B. Smith & Co., respondents.

*Frederick H. Wood* and *George M. Billings* for E. Allan Reinhardt, individually and as a member of the firm of Gilbert Eliott and Company, respondent.

*E. H. Sykes* for Hans S. Rothschild et al., individually and as co-partners under the firm name of Sutro Brothers, respondents.

RIPPEY, J. It appears that one Irving G. Anness recovered a judgment in the Supreme Court of New York county on June 5, 1933, against the Seaboard Trading Company, a domestic corporation, for $16,429.40 on an obligation of the latter due and payable on September 2, 1926, which the corporation then refused to pay. An execution was thereupon issued on the judgment and returned unsatisfied. Thereupon, on October 14, 1933, an action was brought by the judgment creditor for the sequestration of the property of the corporation and for the appointment of a receiver. It appeared that Edward Born and Linda Born were the only officers, directors and stockholders of the company and had departed from the State of New York and had not since returned. An order was thereupon made appointing Thomas F. Curley as temporary receiver, who took possession of the books and papers of the company on August 15, 1934, and it was then first discovered by him and by Anness that various alleged fraudulent transfers of the property of the company to the defendants and later referred to had taken place. Final judgment was entered on July 1, 1937, sequestering property of the corporation and appointing Curley as permanent receiver, who thereupon qualified and entered upon the discharge of his duties as such. He brought the present action as an incident to the sequestration proceedings by personal service of the summons on various defendants in January and February, 1938. On January 12, 1939, an order was made substituting Robert S. Buttles, the present plaintiff, as permanent receiver in the place of Curley, who resigned.

So far as we are concerned upon the present appeals, three partnerships, i. e., Edward B. Smith & Co., Gilbert Eliott & Co., and Sutro Bros. & Co. (sued as Sutro Bros.), are involved individually and as copartners as parties defendant. All of the defendants are stockbrokers and all parties

served were either residents of or continuously present within the State of New York since 1926 and available for service of process and all transactions set out in the complaint took place within the State of New York.

Three separate causes of action are set up in the complaint against each partnership and the individual members thereof, *i. e.*, (1) under section 15 of the Stock Corporation Law (Cons. Laws, ch. 59), (2) under section 274 of the Debtor and Creditor Law (Cons. Laws, ch. 12), and (3) under subdivision 5 of section 60 of the General Corporation Law, (Cons. Laws, ch. 23), by suitable allegations which need not here be repeated in detail. The object in each case is to set aside alleged fraudulent diversions of corporate funds by the president of the corporation and to cause the defendants to account for the property received by them and to return it. It is alleged that there was transferred by the Seaboard Trading Company, in payment of the personal obligations of Born, the president, corporate funds (1) between November 21, 1927, and May 1, 1929, to Edward B. Smith & Co., $22,404; (2) between September 26, 1927, and June 3, 1929, to Gilbert Eliott & Co., $87,555; and (3) between July 26, 1927, and August 3, 1927, to Sutro Bros., $8,269.78, with full knowledge by defendants that the sums so transferred were the funds of the corporation for which the Seaboard Company received no consideration, and in fraud of the rights and interest of the judgment creditor and without his knowledge or consent.

There can be no doubt that, in whatever aspect the case may be considered, the action is one in equity at the instance of Anness as judgment creditor as an incident and as ancillary to the sequestration proceeding wherein he is seeking to impound corporate assets out of which his judgment may be paid. He might have brought the action in his own name. He did not see fit to do so but elected to sequester the property of the corporation under article 7 of the General Corporation Law. In such an action, the court might at any time during its progress appoint a receiver, but he could not pursue that remedy until the legal remedy

provided by statute by execution had been exhausted (General Corp. Law, § 70; *Geery* v. *Geery*, 63 N. Y. 252; cf. *Hunting* v. *Blun*, 143 N. Y. 511). In such an action there is no specific requirement that proof of insolvency need be alleged or shown (High on the Law of Receivers [4th ed.], § 18), but if, in any case under the statutes here involved, such proof is necessary, the allegation of the return of the execution *nulla bona* is sufficient. The right to sequestration is statutory and is an extention or enlargement of the general jurisdiction of courts of equity over corporate affairs. In the present action an accounting is alleged to be necessary and is necessary. Upon the issues raised upon these motions, it is no concern of the defendants whether the corporation had creditors other than Anness. There is nothing in the record to indicate that there are other creditors of the corporation and it must be assumed that there are none except Anness and the fact that the suit is brought by the receiver in the sequestration proceeding rather than by the creditor individually is of no materiality (*Whalen* v. *Strong*, 230 App. Div. 617; *Hitz* v. *Garfinkel*, 246 App. Div. 728; *Bernheim* v. *Burden*, 253 App. Div. 232; *Buckley* v. *Stansfield*, 155 App. App. Div. 735; affd., 214 N. Y. 679; *Feigenbaum* v. *Narragansett Stables Co.*, 127 Misc. Rep. 114; affd., 245 N. Y. 628). At the moment we are not concerned with the question as to whether recovery may be had over and above the amount of the creditor's claim or what would become of any surplus recovery, if permissible. Since the moneys of the corporation are alleged to have come fraudulently into the hands of the defendants, the action is an action for an accounting in equity and for a return of the funds. It is not an action at law for damages sustained in consequence of willful or negligent acts either of those intrusted with the funds in behalf of the corporation or of defendants. The distinction between the two types of action is clear (*People* v. *Equitable Life Assur. Society*, 124 App. Div. 714; *Asphalt Construction Co.* v. *Bouker*, 150 App. Div. 691; aff'd 210 N. Y. 643). The assets of the corporation constitute a fund for the payment of its debts (*Darcy* v. *Brooklyn & New York Ferry Co.*,

196 N. Y. 99) and creditors may follow them into whatever hands they may be illegally transferred (Stock Corp. Law, § 15; *Sherwood* v. *Holbrook*, 178 App. Div. 462). Such a conclusion applies to all three types of action set up in the complaint.

Where an action is brought under section 60 of the General Corporation Law or section 15 of the Stock Corporation Law, no cause of action accrues to a creditor, with certain exceptions which need not be considered here since none of them have been alluded to by respondents, until judgment has been obtained and execution returned unsatisfied (*Levy* v. *Paramount Publix Corp.*, 265 N. Y. 629), and any statute of limitations did not commence to run until the cause of action accrued to the creditor (*Shepard Co.* v. *Taylor Publishing Co.*, 234 N. Y. 465). It thus becomes immaterial as to all causes of action brought under those statutes as to whether the prosecution thereof is barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 5) or by the ten-year statute (Civ. Prac. Act, § 53). The action was brought within six years from the date the cause of action accrued under the provisions of those statutes.

As to the causes of action set up under article 10 of the Debtor and Creditor Law, different rules apply. Under that statute it is not essential that the creditor first procure judgment and the return of an unsatisfied execution before he may maintain the action (*American Surety Co.* v. *Conner*, 251 N. Y. 1). The statute is remedial and he might sue individually before or after the maturity of his claim to set aside the transfer without the necessity of sequestration proceedings (*American Surety Co.* v. *Conner, supra*). His time to sue should not be extended by the proceedings to obtain judgment thereon and subsequent sequestration of assets. The complaint sets up constructive fraud, not actual fraud, and under such conditions the ten-year Statute of Limitations applies and commences to run from the date when the act or omission constituting it occurred and not from the time when the facts constituting the fraud were discovered (*Pitcher* v. *Sutton*, 238 App. Div. 291,

293; cf. *Hanover Fire Ins. Co.* v. *Morse D. D. & R. Co.*, 270 N. Y. 86; *Potter* v. *Walker*, 276 N. Y. 15). Above it appears that the right to recover was fundamentally and necessarily cognizable in equity and not at law. Section 53 of the Civil Practice Act applies to all actions in equity for fraud not covered by subdivision 5 of section 48. The action against the Sutro Bros. partnership and its members individually was not commenced in time under this article and the cause of action as against them under article 10 of the Debtor and Creditor Law was properly dismissed.

Some of the defendants moved to dismiss the first cause of action only as to them under rule 106 of the Rules of Civil Practice on the ground that the plaintiff failed upon the face of the complaint to state facts sufficient to constitute a cause of action. Such motions were denied and the order entered thereupon was affirmed by the Appellate Division and defendants are not appealing to this court. The other defendants did not move to dismiss on that ground. Here, we must assume that all causes of action are well and sufficiently stated. It is urged here that plaintiff cannot succeed on the ground that he has no legal capacity to sue. The action is brought by the receiver of the Seaboard Trading Company as such and it is asserted that the creditor could bring the action only in his own name. This question was not raised in the various notices of motion to dismiss and it was thereby waived (Civ. Prac. Act, § 278). We have shown, however, that defendants may not rely upon that ground for dismissal.

The judgments appealed from should be reversed with costs to the plaintiff in the Appellate Division and in this court, and the motions to dismiss denied, with ten dollars costs as against each set of defendants so moving, except as to the cause of action against Sutro Bros. under article 10 of the Debtor and Creditor Law, as to which the judgment appealed from should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.