HARRY ROSENKRANZ, as Receiver of HARRY G. DORAN BUILDING CORPORATION, Appellant, *v.* HARRY G. DORAN and IDA H. DORAN, Respondents.

Second Department, June 15, 1942.

*Arthur Morris*, for the appellant.

*James Maxwell Fassett* [*Philip B. Matthews* with him on the brief], for the respondents.

PER CURIAM. Plaintiff is the receiver of a corporation, appointed in proceedings supplementary to judgment at the instance of a judgment creditor, one Hattie Schrage, whose judgment was recovered on January 23, 1940. Defendants are directors of the corporation. By this action it is sought to charge them with moneys withdrawn by them from the corporation under circumstances to be hereinafter considered.

Pursuant to a contract, the corporation on November 26, 1926, delivered to Mrs. Schrage a deed for certain property in Queens county for $32,000 — $10,800 in cash and a purchase-money bond and mortgage for $21,200. Neither party knew at the time that the property was restricted by a prior deed against improvement with apartment houses, thereby violating a covenant against incumbrances contained in the immediate deed. Up to 1932 Mrs. Schrage had paid an additional $7,200 on the bond and mortgage, leaving a balance of $14,000. In 1938 she learned of the restriction and in March of that year, nearly twelve years after the delivery

of the deed, she began an action against the corporation for rescission of the transaction because of the violation of the covenant against incumbrances. After joinder of issue, the parties submitted to the court a controversy on an agreed statement of facts, as a result of which Mrs. Schrage was awarded judgment, it being held that there was a breach of the covenant against incumbrances and that Mrs. Schrage was entitled to a rescission of the transaction. (*Schrage* v. *Doran Bldg. Corp.*, 257 App. Div. 1012; affd., 281 N. Y. 864.) Thereafter certain proceedings were had so that after a sale of the property and after adjustments had been made, the judgment, which was for $43,847.15, was reduced to $36,847.15. Plaintiff was appointed receiver on May 4, 1940, and this action was commenced August 23, 1940. Until Mrs. Schrage commenced her action in March, 1938, for breach of the covenant, defendants did not know of the existence of any such claim.

The building operations in which the corporation had been engaged ceased in 1926. Beginning on May 1, 1928, up to April 30, 1932, when the only work defendants could do for the corporation was to collect interest on mortgages and see that taxes were paid, defendant Harry G. Doran was credited on the books with a salary of $27,600, and drew $30,930.56; his wife, Ida, was credited with a salary of $4,800, and drew $6,150, making a total of salaries credited of $32,400 and withdrawals of $37,080.56. For the year ending April 30, 1932, the two defendants withdrew $8,705.56 for collecting $4,269.24 principal and interest on mortgages. From 1922 to 1939 salaries were charged amounting to $109,924.99, and withdrawals were made of $107,438.13, leaving an indebtedness to defendant Harry G. Doran of several thousand dollars, without any assets with which to pay him. Thus the assets of the corporation had been distributed by way of alleged salaries. From May 1, 1929, withdrawals by defendants amounted to $39,618.57, and if the indebtedness to Mrs. Schrage be considered, the withdrawals were made while the capital of the corporation was impaired.

Plaintiff asserts a cause of action under section 58 of the Stock Corporation Law for the payment of dividends and distribution of assets when the value of the corporate assets remaining after the payment of such dividends, or after such distribution of assets, was not equal to the aggregate amount of its debts and liabilities, including capital or capital stock as the case may be; and, under section 60 of the General Corporation Law, seeks to compel defendants to pay to the corporation's creditors any money and the value of any property which they acquired through any neglect or failure to perform or other violation of their duties.

The Special Term held that there was no violation of either section and, further, that the six-year Statute of Limitations barred a claim as to all salaries paid prior to August 1, 1934, before which time almost the entire amount of salaries was drawn.

The six-year Statute of Limitations is applied under certain circumstances to a representative action, and also to an action under the Debtor and Creditor Law, but not so where the action is brought under section 60 of the General Corporation Law by a creditor. In such case the cause of action does not accrue to a creditor until judgment has been obtained and execution returned unsatisfied; and the Statute of Limitations does not commence to run until the cause of action accrues to the creditor. (*Buttles* v. *Smith*, 281 N. Y. 226.) The same rule should be applied to actions by a creditor under section 58 of the Stock Corporation Law. (*Island Paper Co.* v. *Carthage Timber Corporation*, 128 Misc. 246.)

When defendants distributed between themselves the assets of the corporation, they did it in good faith, not knowing that there was a creditor of the corporation. It was not until March, 1938, that they became aware of the obligation to Mrs. Schrage, at which time they were served with the summons and complaint in the action for rescission. But they are in no worse case than if the distribution had not been made. The property of a corporation is a trust fund for the benefit of its creditors. (*Buttles* v. *Smith, supra.*) When the directors, who are really the trustees, take to themselves funds which, it is afterwards disclosed, are properly applicable to the benefit of a creditor recently discovered, there is no reason in equity why, as trustees, they should not turn back to those entitled thereto the money they have received. If the directors, in the honest belief that there were no creditors, distributed the assets among stockholders other than themselves, and it appeared that the stockholders were unable to repay what they had received, then, to the extent of such amounts, it might be held that the directors are relieved from responsibility for the obligation of which they were not aware. But here the payment was to the directors themselves, and it is proper, despite lack of knowledge of the corporate liability, that they should be called to account and required to return assets of the corporation which they have distributed at the expense of a creditor. (See *Feigenbaum* v. *Narragansett Stables Co., Inc.*, 127 Misc. 114, at p. 116, per HAGARTY, J.)

Since the cause of action is not barred by the Statute of Limitations, and the court was in error in holding that there was no violation of section 58 of the Stock Corporation Law or section 60 of the General Corporation Law, the judgment should be reversed on the

law and the facts and a new trial granted, with costs to appellant to abide the event. The extent to which defendants have violated these two sections and to which they must account will depend upon the amount of salaries to which they were fairly entitled for the services rendered during the period of the withdrawals.

For the purposes of a new trial all findings of fact and conclusions of law should be reversed.

LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

For the purposes of a new trial all findings of fact and conclusions of law are reversed.