DANIEL O. HASTINGS, as Special Trustee of Standard Gas and Electric Company, Appellant, *v.* H. M. BYLLESBY AND COMPANY et al., Defendants, and HAYSTONE SECURITIES CORPORATION, Defendant-Respondent.

Argued February 29, 1944; decided October 12, 1944.

405

*Sidney R. Nussenfeld, Max J. Rubin, Morris Gottlieb, William H. Foulk* of the Delaware Bar, *William H. Button* and *Francis J. Quillinan* for appellant.   I. The action did not accrue as against the plaintiff until his appointment as bankruptcy trustee.   The Statute of Limitations is therefore no bar to this cause of action.   (*Hastings* v. *Byllesby & Co.,* 286 N. Y. 468; *In re Standard Gas & Electric Co.,* 119 F. 2d 658; *Stellwagen* v. *Clum,* 245 U. S. 605; *Palmer* v. *Larchmont Manor Co.,* 284 N. Y. 288; *In re Dalton Electric Co.,* 7 F. Supp. 465; *Whitfield* v. *Kern,* 122 N. J. Eq. 332; *Stephan* v. *Merchants Collateral Corp.,* 256 N. Y. 418; *Rubinstein* v. *Berch,* 261 App. Div. 265; *Stratton* v. *Bertles,* 238 App. Div. 87; *Buttles* v.

*Smith,* 281 N. Y. 226; *Reynolds Investing Co.* v. *Reynolds,* 256 App. Div. 912, 281 N. Y. 180; *P. G. Poultry Farm* v. *Newtown B.-P. Mfg. Co.,* 248 N. Y. 293; *In re Horton,* 31 F. 2d 795; *Rosenkranz* v. *Doran,* 264 App. Div. 335; *Callaghan* v. *Bailey,* 179 Misc. 673, 266 App. Div. 915.) II. Apart from plaintiff's status as bankruptcy trustee-judgment creditor, since the fraudulent acts complained of were not discovered until after Standard Gas petitioned for relief under the Bankruptcy Act, subdivision (5) of section 48, of the Civil Practice Act would be the applicable Statute of Limitations. (*Bloomquist* v. *Farson,* 222 N. Y. 375; *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Wechsler* v. *Bowman,* 285 N. Y. 284; *Dumbadze* v. *Lignante,* 244 N. Y. 1; *Kelly* v. *Pratt,* 41 Misc. 31; *Seeley* v. *Seeley,* 164 App. Div. 650.) III. Apart from plaintiff's status as bankruptcy trustee-judgment creditor, and in the event that subdivision 5 of section 48, of the Civil Practice Act should be deemed inapplicable, section 53 of the Civil Practice Act, the ten-year Statute of Limitations applicable to actions in equity for an accounting should be held to govern this case. (*Buttles* v *Smith,* 281 N. Y. 226; *Asphalt Construction Co.* v. *Bouker,* 150 App. Div. 691, 210 N. Y. 643; *Treadwell* v. *Clark,* 190 N. Y. 51; *Falk* v. *Hoffman,* 233 N. Y. 199; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Pitcher* v. *Sutton,* 238 App. Div. 291, 264 N. Y. 638; *Stephan* v. *Merchants Collateral Corp.,* 256 N. Y. 418; *Devoy* v. *Superior Fire Insurance Co.,* 239 App. Div. 28; *Oppenheimer* v. *Roberts,* 175 App. Div. 424; *Callaghan* v. *Bailey,* 179 Misc. 673, 266 App. Div. 915; *Hastings* v. *Byllesby & Co.,* 265 App. Div. 653; *Mencher* v. *Richards,* 256 App. Div. 280.) IV. The Appellate Division incorrectly applied the test of correlation of gains and losses. V. The running of the Statute of Limitations was suspended by the provisions of the Bankruptcy Act. Under subdivision d of section 11 of the Bankruptcy Act plaintiff had two years after the estate was closed within which to commence this action.

*Horace G. Hitchcock, Dwight R. Collin* and *Seth V. Elting* for respondent. I. The cause of action of Standard Gas and Electric and therefore the cause of action asserted herein, was barred by the six-year Statute of Limitations, which expired

not later than March, 1932. (*Potter* v. *Walker*, 276 N. Y. 15; *Dunlop's Sons, Inc.*, v. *Spurr*, 285 N. Y. 333; *Frank* v. *Carlisle*, 286 N. Y. 586; *Cwerdinski* v. *Bent*, 256 App. Div. 612, 281 N. Y. 782; *Davis* v. *Cohn*, 256 App. Div. 905; *Keys* v. *Leopold*, 241 N. Y. 189.) II. The Appellate Division properly applied the test of correlation of gains and losses. (*Dunlop's Sons, Inc.*, v. *Spurr*, 285 N. Y. 333; *Frank* v. *Carlisle*, 261 App. Div. 13, 286 N. Y. 586.) III. As the action was barred in 1932, the appointment of plaintiff as trustee did not revive it. (*Warthman* v. *Manufacturers Trust Co.*, 287 N. Y. 725; *In re Underhill's Estate*, 1 Con. Sur. 541, 57 Hun 590, 124 N. Y. 653; *Cooley* v. *Lobdell*, 153 N. Y. 596.) IV. Subdivision 5 of section 48 of the Civil Practice Act does not apply. (*Dunlop's Sons, Inc.*,v. *Spurr*, 285 N. Y. 333; *Adolf Gobel, Inc.*, v. *Hammerslough*, 263 App. Div. 1, 288 N. Y. 653; *Carr et al.* v. *Thompson*, 87 N. Y. 160; *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259.)

LEHMAN, Ch. J. In September 1935, Standard Gas and Electric Company filed a petition in bankruptcy seeking reorganization under section 77B of the Bankruptcy Act (48 U. S. Stat. 912). The plaintiff was appointed " Special Trustee " of the debtor corporation and was authorized to bring suit upon causes of action belonging to the debtor corporation and referred to in the order appointing the trustee. As special trustee he commenced an action to recover moneys and property of the debtor corporation which, it is alleged in the complaint, the defendants wasted, disposed of or took unlawfully and fraudulently, and to recover profits which, it is alleged, the defendants wrongfully appropriated. The capacity of the plaintiff to sue was challenged by motion to dismiss but was sustained by this court upon a previous appeal from a judgment dismissing the complaint on that ground. (*Hastings* v. *Byllesby & Co.*, 286 N. Y. 468.) Thereafter the defendant, Haystone Securities Corporation, moved to dismiss the complaint against it on " the ground that the cause or causes of action alleged in said complaint against the defendant Haystone Securities Corporation did not accrue within the time limited by law for the commencement of an action thereon." An order denying the motion was unanimously reversed by the Appellate Division and the motion granted. The plaintiff now appeals from the judgment of dismissal.

The separately-stated causes of action charge wrongs to the corporation in different transactions. These separate causes of action are connected in the complaint by an introductory allegation applicable to all, that " in each of the transactions hereinafter described the defendants therein acted in pursuance of corrupt conspiracies entered into by them to waste the assets of Standard and to secure to themselves unlawful and fraudulent profits; and each such transaction was undertaken unlawfully and without authority and in fraud of Standard and without its knowledge or consent; and in each of such transactions the officers and directors of Standard acted in violation of their duty and trust to Standard, and the acts and conduct of the defendants herein complained of were and are unlawful taking and disposition by defendants herein of property and property rights lawfully belonging to and property of Standard and unlawful waste and dissipation thereof, and causing loss and damage to Standard in a total amount which plaintiff, without accounting by defendants, is unable precisely to state." The defendant Haystone Securities Corporation is named only in the sixteenth cause of action stated in the complaint. Upon this appeal we are concerned only with that cause of action. Haystone Securities Corporation is not charged with any part in a corrupt conspiracy in connection with any transaction described in other causes of action.

The sixteenth cause of action alleges that the firm of Ladenburg, Thalmann & Co., together with other defendants including Haystone Securities Corporation, who in the complaint are referred to " jointly and severally as ' defendant Ladenburg '," entered into " a corrupt and fraudulent conspiracy " in June, 1925, with the " defendant Byllesby " to obtain large profits and substantial personal benefits at the expense of the debtor corporation. The objects of the conspiracy were, it is alleged, successfully carried out by " defendants Byllesby and Ladenburg " by means of several transactions, each being a " step in said conspiracy." On or before March 26, 1926, these defendants had received from the debtor valuable stock in subsidiary corporations and large sums of money in exchange for stock which had cost Ladenburg and Byllesby much less, and in January 1930, the defendant Ladenburg sold some of the stock thus received for $25,000,000. The Appellate Divi-

sion has held that the last act alleged in the complaint, relevant to a cause of action against Haystone Securities Corporation for a wrong done to the debtor corporation, took place in March, 1926; that the six-year Statute of Limitations applies to that cause of action and began to run from that date, and that the cause of action was barred when the petition in bankruptcy was filed in 1935. The plaintiff challenges these conclusions but contends that even if the cause of action in favor of the debtor was barred by the Statute of Limitations at the time when the bankruptcy proceedings were initiated, a new cause of action in behalf of creditors accrued to the trustee upon his appointment, and was not barred in 1939 when the action was commenced.

The plaintiff relies heavily upon our decision in *Buttles* v. *Smith* (281 N. Y. 226). In that case we held that no cause of action to set aside transfers of corporate property made in violation of section 15 of the Stock Corporation Law or of subdivision 5 of section 60 of the General Corporation Law accrues to a creditor until the creditor has obtained a judgment and execution has been returned unsatisfied. The Statute of Limitations, we there said, does not commence to run against such a cause of action, asserted by a receiver appointed in a suit brought by a judgment creditor in aid of execution, until the cause of action accrues to the creditor. The gist of the creditor's cause of action, asserted in that case by a receiver appointed in an action brought by the judgment creditor for the sequestration of the property of a corporate debtor, was the illegal transfer of corporate assets which otherwise would have been available for the satisfaction of a judgment obtained by the creditor. No wrong is done by such a transfer to a creditor whose debt can be satisfied out of other assets of the debtor, and ordinarily a creditor may appeal to the courts to set aside an illegal transfer of the debtor only after he has obtained a judgment which he has been unable to enforce by execution. The wrong to the creditor by such a transfer of corporate assets is independent and distinct from any wrong to the corporate debtor, and in *Buttles* v. *Smith* (*supra*), the receiver, suing in behalf of a creditor, sought a remedy solely for the wrong done to the creditor. No wrong to the debtor was alleged in the complaint.

The cause of action asserted in the instant case by the trustee in bankruptcy against Haystone Securities Corporation and the other defendants named in the complaint is based upon a wrong done to the corporate debtor. When the capacity of the trustee to sue upon that cause of action was challenged upon the earlier appeal this court pointed out that the cause of action existed *" in favor of the debtor "* and that upon the bankruptcy of the debtor, title to the cause of action, as part of the debtor's property, vested in the trustee. The General Corporation Law provides in section 60 that " an action may be brought against one or more of the directors or officers of a corporation to procure judgment for the following relief or any part thereof: 1. To compel *the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.* 2. To compel them to pay to the corporation, or to its creditors, any money and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or other violation of their duties. * * * 5. To set aside a transfer of property, made by one or more directors or officers of a corporation, contrary to a provision of law, where the transferee knew the purpose of the transfer." For the relief specified in these subdivisions of section 60 an action may be brought " by the corporation or a creditor, receiver or trustee in bankruptcy thereof, or by a director or officer of the corporation " (§ 61). The plaintiff maintains that here the trustee in bankruptcy is clothed with all the rights of a creditor with execution returned unsatisfied and is asserting in behalf of creditors a cause of action for the relief specified in subdivisions 1 and 2 of section 60, just as in *Buttles* v. *Smith* the receiver asserted a cause of action in behalf of a creditor for the relief specified in subdivision 5 of the same section, and that the same rules fixing the time when the cause of action accrues and the statutory limitation begins to run must be applied to all actions brought in behalf of a creditor or creditors pursuant to the provisions of sections 60 and 61 of the General Corporation Law. We assume arguendo that the action against Haystone Securities Corporation and its codefendants is brought in behalf of creditors for the relief specified in subdivisions 1 and 2 of

section 60, though there may be little in the complaint to support that assumption. Even so the fact remains that the cause of action is based upon a wrong to the debtor. The cause of action accrued to the debtor when the wrong occurred and though the statute permits a creditor or stockholder to bring an action for the wrong done to the corporation, the damage or injury to a creditor, like the damage or injury to a stockholder, arises only indirectly from the damage or injury to the corporation and is repaired when the damage or injury to the corporation is repaired. That, as we have pointed out, was not true of the cause of action asserted in *Buttles* v. *Smith* (281 N. Y. 226, *supra*), under a different subdivision of the same section of the statute. The reasons which in that case required the conclusion that the cause of action there asserted accrued when execution was returned unsatisfied do not apply here — or perhaps even point to a different conclusion.

There would, indeed, be serious doubt whether a trustee in bankruptcy would have capacity to sue upon a cause of action which did not belong to the debtor other than a cause of action to set aside illegal transfers of property and unlawful preferences. (See *In re Jacoby*, 138 F. 2d 42; *Sanford* v. *Boland*, 287 N. Y. 431; *Courtney* v. *Georger*, 228 F. 859, certiorari denied 241 U. S. 660; *Morris* v. *Sampsell*, 224 Wis. 560; 4 Collier on Bankruptcy [14th ed.], pp. 1182–1183.) We need not attempt to resolve that doubt in this case since we hold that under the law of the State the cause of action here asserted is based upon a wrong to the corporate debtor and accrued when the wrong to the debtor corporation was complete.

The Appellate Division in its opinion has carefully anaylzed the allegations of the complaint and has concluded that the wrong to the corporation was complete not later than March 1926; that the cause of action then arose and that the six-year Statute of Limitations applied and the action was barred in 1932. We agree with these conclusions. An independent analysis and extended discussion by us of the allegations of the complaint would serve no purpose. The allegations of the complaint that the defendants conspired to secure " fraudulent " profits and acted " in fraud " of the corporation are mere conclusions and even if accepted as allegations of fact they are only incidental to the cause of action brought against

the defendants on the ground that they have disregarded their duty to the corporation. Such allegations do not constitute a cause of action " to procure a judgment on the ground of fraud " which, under the provisions of section 48, subdivision 5, of the Civil Practice Act, " is not deemed to have accrued until the discovery * * * of the facts constituting the fraud." (*Gobel, Inc.*, v. *Hammerslough*, 263 App. Div. 1, affd. 288 N. Y. 653; *Dunlop's Sons, Inc.*, v. *Spurr*, 285 N. Y. 333.) As alleged in the complaint, the profits made by the defendants through abuse of their powers or disregard of their duty were paid them from the moneys of the corporation and cannot exceed the loss to the corporation. No equitable action for an accounting is necessary. An action at law to recover these profits furnishes a complete remedy. The complaint contains no allegations that under the agreement made in 1926 the defendants Byllesby and Ladenburg derived additional profit as bankers and the action is not brought to recover such profits. Perhaps the plaintiff could allege facts sufficient to constitute a cause of action in equity against some or all the defendants named in the sixteenth cause of action for an accounting of such profits. That question is not presented upon this appeal.

The judgment should be affirmed, with costs.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment affirmed.