## KLAGES v. COHEN et al.

### No. 68.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1945.

See also, D.C., 50 F.Supp. 373.

Charles H. Ellner, of Jamaica, N. Y., for plaintiff-appellant.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., and Maurice Rubinger, of New York City, of counsel), for defendants-appellees Jacob H. Cohen, Samuel Rottenberg, Bernard Semel, Ignatz Rottenberg, Max Schwartz, and Maurice Rubinger.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This case presents questions relating to the right of a receiver in supplementary proceedings to recover from officers and directors of a corporation the value of property wrongfully conveyed and dividends improperly declared and paid. It was brought in the District Court for the Eastern District of New York in proceedings supplementary to a judgment for $45,-822.30 obtained by the United States against Fairbank Realty Corporation for income taxes due for the years 1926 to 1930. The action, which is for an accounting, is

against the corporation's officers and directors and against its attorney and accountant.

The first cause of action stated in the complaint alleges that the defendants illegally depleted the corporation's assets by a detailed series of unauthorized loans, transfers of real estate without consideration, payment of excessive salaries to themselves, withdrawals of large sums to which they were not entitled, and the appropriation of office furniture and equipment to their own use, and by various other unlawful devices. It is alleged that by reason of these misapplications of property, committed with the intent to delay and defraud creditors, the corporation was rendered unable to pay its taxes and other obligations and indeed became hopelessly insolvent; and the defendants' acts are stated to have been in violation of §§ 59 and 15 of the New York Stock Corporation Law, Consol.Laws c. 59, and § 60 of the General Corporation Law, Consol.Laws, c. 23.

The second cause of action recites that with the intent to defraud the corporation's creditors, including the United States, certain of the defendants declared a 30 per cent dividend upon the corporation's capital stock of $500,000, which dividend was paid out of capital and not out of surplus or profits, in violation of § 58 of the Stock Corporation Law. The third cause of action alleges the collaboration of defendant Rubinger, who was the corporation's vice president and attorney and a voting trustee of a majority of its common stock, who without fraudulent intent abetted the conspiracy by advising the other defendants as to their acts, by preparing the necessary legal documents to enable them to carry out their plans, and by using his voting control to keep in office the directors and officers though he knew of their fraudulent intent. This cause of action likewise alleged wrongful conduct by defendant Fusfeld, the corporation's accountant and office manager, who mismanaged the books of account in various ways and thereby furthered the conspiracy.

The complaint closed with a prayer for an accounting of the defendants' actions in the disposition of the corporation's assets and for payment to the plaintiff of the value of the assets wasted and wrongfully diverted, for further equitable relief and for costs.

Without filing an answer to this complaint the defendants moved to dismiss, alleging lack of jurisdiction in the court, failure of the complaint to set forth the basis of the asserted jurisdiction, as required by Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and failure of the complaint to state a claim upon which relief can be granted. In an opinion dated September 8, 1943, the district court held that it had jurisdiction, on the ground that the suit was ancillary to the action in the same court in which the United States recovered the judgment against the corporation for income taxes. In a second opinion, dated November 17, 1943, the court held that under the sections of the New York statutes relied upon a receiver in supplementary proceedings cannot maintain the actions there authorized. He therefore dismissed the bill, with leave to the plaintiff to file an amended complaint within twenty days. The plaintiff elected not to amend and has appealed from the order.

The first issue for our consideration is the question of jurisdiction, raised once again by the defendants. They contend initially that this action is not ancillary to the proceeding in which the plaintiff was appointed, because whether there is ancillary jurisdiction depends upon whether the proceeding is "for the collection of assets of the corporation, and, therefore, one in which the receiver may be a proper party plaintiff." Rockwood v. Foshay, 8 Cir., 66 F.2d 625, 627. The answer to this question depends upon what disposition is to be made of the principal issue in the case, and since as will later appear we are of the opinion that the New York statutes authorize the present action it follows that this case is "one in which the receiver may be a proper plaintiff" and consequently there exists ancillary jurisdiction.

The requirement of Rule 8(a) that the basis of jurisdiction be plainly shown in the complaint, is satisfied by the allegation that this suit is brought by a receiver in supplementary proceedings to enforce the judgment previously obtained in the same court. That is sufficient to show that the court already has jurisdiction, and in this situation the rule creates no need to state any other basis of jurisdiction.

We proceed, then, to the principal question raised by the motion to dismiss and pass without comment the appellant's contention that regardless of the New York statute the suit may be maintained as an action in equity for an accounting for the

spoliation of corporate assets; as the statute gives an adequate basis for the suit. Section 15 of the Stock Corporation Law provides in part that when a corporation has refused to pay any of its obligations when due, neither the corporation "nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. * * * Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders or other trustees. * * * Every director or officer of a corporation * * * who shall violate or be concerned in violating any other provision of this section shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

Section 58 of the Stock Corporation Law provides that "No stock corporation shall declare or pay any dividend which shall impair its capital or capital stock, nor while its capital or capital stock is impaired, nor shall any such corporation declare or pay any dividend or make any distribution of assets to any of its stockholders * * * unless the value of its assets remaining after the payment of such dividend, or after such distribution of assets, as the case may be, shall be at least equal to the aggregate amount of its debts and liabilities including capital or capital stock as the case may be * * *," and the directors assenting to such payment or distribution "shall be liable jointly and severally to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or by its creditors respectively by reason of such dividend or distribution." Laws 1923, c. 787.

Section 59 of the Stock Corporation Law forbids any loan of moneys by stock corporations and their officers to their stockholders, and for violation of this prohibition "the officers or directors making such loan, or assenting thereto, * * * shall, jointly and severally, be personally liable to the extent of such loan and interest, for all the debts of the corporation contracted before the repayment of the sum loaned, * * * with interest from the time such liability accrued."

Paragraphs 1 and 2 of § 60 of the General Corporation Law provide that "an action may be brought against one or more of the directors or officers of a corporation to procure judgment for the following relief or any part thereof:

"1. To compel the defendants to account for their official conduct, including any neglect or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge," and

"2. To compel them to pay to the corporation, or to its creditors, any money and the value of any property which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or other violation of their duties."

Section 61 of the General Corporation Law provides in part that "an action may be brought for the relief prescribed in the last section * * * by the corporation or a creditor, receiver or trustee in bankruptcy thereof * * *."

Principally in reliance upon Ward v. Petrie, 157 N.Y. 301, 51 N.E. 1002, 68 Am.St.Rep. 790, the lower court held that the powers of supplementary proceedings receivers are less inclusive than those of receivers in general, being limited to the powers granted by the statute authorizing the appointment of a supplementary proceedings receiver, and that such powers do not include the right to maintain a cause of action under § 61 of the General Corporation Law against the officers and directors of a corporation for an accounting and for recovery of the corporate property wrongfully distributed or appropriated by them. It may be noted that Ward v. Petrie is not an authority for the case at bar, for it was an action at law for damages brought by an ordinary receiver against the judgment debtor and his transferee. The present action is of an entirely different character, and we think its maintenance is clearly authorized by the New York statutes now in effect. The appointment of a supplementary proceedings receiver of a domestic corporation was authorized in 1935 by amendment of § 804 of the Civil Practice Act, subdivision 2 of which provides that a supplementary proceedings receiver "shall have the usual powers and duties of a receiver." And from § 61 of the General Corporation Law it appears that a receiver may bring an

644

action for the relief specified in § 60, which includes an accounting by a corporation's officers and directors for their "neglect or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge" and the repayment by them to the corporation or its creditors of the value of any of its property which they have appropriated or wrongfully transferred or otherwise dissipated.

For the most part the conclusion we reach finds support in decisions of the Appellate Division of the New York Supreme Court. In Hitz v. Garfinkel, 246 App.Div. 728, 283 N.Y.S. 872, a receiver in supplementary proceedings was permitted to maintain an action under §§ 60 and 61 of the General Corporation Law for the value of corporate assets illegally transferred to directors. The court remarked that the defendants' property vested in the receiver, and did not even discuss any question of the latter's standing to maintain the action. And in Rosenkranz v. Doran, 264 App.Div. 335, 35 N.Y.S.2d 413, a supplementary proceedings receiver was permitted to maintain actions under § 58 of the Stock Corporation Law for the payment of dividends and the distribution of assets when the value of the assets remaining thereafter was less than the aggregate of the corporation's liabilities, and under § 60 of the General Corporation Law to require the directors' repayment of the value of property acquired by them through neglect or violation of their duties. Once again there was no discussion of the plaintiff's right to invoke the statutory remedies, and we think these two cases must be regarded as establishing that the law of New York recognizes such a right in supplementary proceedings receivers. The district judge, in referring to them, expressed the opinion that the cases cited therein by the Appellate Division do not support the conclusion reached; but clearly under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it is not the function of federal courts to examine the correctness of decisions of the courts of a state whose law is to be applied in the federal court.

So far as concerns the cause of action pleaded under § 59 of the Stock Corporation Law, however, it appears that the rule in New York is to the contrary. Section 59 says merely that in case of violation of its provisions "the officers or directors * * * shall, jointly and severally, be personally liable * * * for all the debts of the corporation contracted before the repayment of the sum loaned * * *." Unlike other of the sections upon which this suit is based, § 59 does not expressly give a right of action to the corporation. Inferentially, perhaps, the creditors of the corporation are intended to exercise it; but in any event the fact which must control our decision is that the courts of New York have held that the directors' liability under § 59 does not vest a cause of action in the corporation. Billings v. Trask, 30 Hun 314; Stolz v. Ginsburg, 217 App.Div. 701, 215 N.Y.S. 927, affirmed 245 N.Y. 519, 157 N.E. 841. Consequently the claim authorized by that section may not be prosecuted by the receiver in supplementary proceedings, and to this extent the district court's dismissal of the action was right.

Judgment reversed except as to any cause of action based on § 59, and cause remanded for further proceedings in accordance with this opinion.