**KLAGES v. COHEN et al.**

**In re FAIRBANK REALTY CORPORATION.**

Civ. No. 3295.

District Court, E. D. New York.

May 15, 1947.

See also 7 F.R.D. 216.

Charles H. Ellner, of Jamaica, for plaintiff.

Lewis, Kanter, Rassner & Bermas, of Brooklyn, for defendants Jacob H. Cohen, Samuel Rottenberg, Bernard Semel, Ignatz Rottenberg and Max Schwartz.

Underhill & Rubinger, of New York City, for defendant Maurice Rubinger.

Sidney Squire, of Brooklyn (Lloyd B. Kanter, of Brooklyn, Maurice Rubinger, of New York City, and Sidney Squire, of Brooklyn, of counsel), for defendant Harry Fusfeld.

GALSTON, District Judge.

This is another motion made, one of many during the pendency of this action, since the complaint was filed on June 5, 1943. This time it is a motion made by all of the defendants save Nalven for summary judgment pursuant to Rule 56(b) and (c) of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c; and as to the defendants Rottenberg and Rubinger on the ground that no genuine issue as to any material fact is stated against them.

The second cause of action as stated in the amended complaint relates to alleged unlawful acts by the defendants as directors (save Rubinger and Rottenberg) in violation of the provisions of Section 58 of the New York Stock Corporation Law, Consol. Laws, c. 59. That section reads as follows :* "No stock corporation shall declare or pay any dividend which shall impair its capital or capital stock, nor while its capital or capital stock is impaired, * * *. In case any such dividend shall be paid, * * * the directors under whose administration the same shall have been declared or made, except those who may have caused their dissent therefrom to be entered upon the minutes of the meetings of directors at the time or who were not present when such action was taken, shall be liable jointly and

---

* As quoted in the complaint.

severally to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or by its creditors respectively by reason of said dividend or distribution."

It is not necessary to recite in detail the other allegations of the complaint. They are fully stated in the opinion of the Circuit Court of Appeals in Klages v. Cohen et al., 2 Cir., 146 F.2d 641.

The plaintiff is a receiver in supplementary proceedings brought to recover from officers and directors of a corporation the value of property wrongfully conveyed, and dividends improperly declared and paid. The previous many proceedings had in this case have recognized the plaintiff as having status in this litigation.

The grounds of this motion are that the New York Statute of Limitations required the second pleaded cause to be prosecuted within six years from "about November 1, 1929" and that therefore it was barred by the statute.

The difficulty with the motion is that though the six year period applies, it does not begin to run in this case from on or about November 1, 1929. On the contrary, since the action is one in proceedings supplementary to a judgment of a creditor against Fairbank Realty Corporation, the time did not begin to run until on or about November 5, 1942, when as alleged in the complaint, an execution under the judgment obtained by the United States was duly issued to the United States Marshal for the Eastern District of New York, and execution was returned wholly unsatisfied. In consequence, since the pending action was begun on June 5, 1943, the plaintiff was well within the period fixed by the Statute of Limitations.

The applicable law is, of course, that of the State of New York, and a governing authority is Rosenkranz et al. v. Doran et al., 264 App.Div. 335, 35 N.Y.S.2d 413, 415, wherein it was held that a cause of action does not accrue to a creditor until judgment has been obtained and execution returned unsatisfied, and "the Statute of Limitations does not commence to run until the cause of action accrues to the creditor. Buttles v. Smith, 281 N.Y. 226, 22 N.E.2d

350. The same rule should be applied to actions by a creditor under section 58 of the Stock Corporation Law. Island Paper Co. v. Carthage Timber Corporation, 128 Misc. 246, 218 N.Y.S. 346."

The motion as to the defendants Rubinger and Rottenberg presents a different situation. They are not alleged to have been directors at the time that the alleged illegal dividend was declared and paid, and so a violation of Sec. 58 of the New York Stock Corporation Law, which forms the gist of the second cause of action, is not available as to them. See Gallagher v. New York Dock Co., Sup., 19 N.Y.S.2d 789, 807, wherein it is said: "The causes of action based upon the dividend declared on July 23, 1931 is dismissed against the defendant Robert E. Dowling upon the ground that he was not then a director of the Dock Company."

The motion is granted, therefore, as to the defendants Rubinger and Rottenberg, and denied as to the other defendants. Settle order.