Elbert T. Gallagher, J.
As a corporation’s creditor, plaintiff has brought this action under section 59 of the Stock Corporation Law against officers and directors of the corporation to recover the amounts of loans made by the corporation to its stockholders. Plaintiff commenced action on his claim against the corporation in 1951, and judgment was docketed thereon May 25,1954. The loans in question were made in 1952. This, action was commenced in March of 1957. Defendants claim they have repaid the loans, and defendant Ripley counterclaims, alleging breach of a contract of employment.
Before the court now are plaintiff’s motion pursuant to rule 113 of the Rules of Civil Practice for summary judgment; plaintiff’s motion to dismiss the counterclaim and defendants’ motion pursuant to rule 113 for summary judgment. Defendant Ripley died after the motion papers were served hut before the motions were submitted.
Plaintiff requests that the motion for summary judgment against Ripley and the motion to dismiss his counterclaim be severed and adjourned pending the appointment of his representative, which request is granted.
The pertinent portions of section 59 of the Stock Corporation Law read as follows: u No loan of moneys shall be made by any stock corporation * * * to any stockholder therein, * * * to enable any stockholder to withdraw any part of the money paid in by him on his stock. In case of the violation of any provision of this section, the officers or directors making such loan, or assenting thereto * * * shall * * * be personally liable to the extent of such loan and interest, for all the debts of the corporation contracted before the repayment of the sum loaned
This statute has been held to he penal in nature. (Wyle v. Gould, 110 N. Y. S. 2d 113.)
Plaintiff’s motion must be denied. An issue of fact has been raised by defendants’ claim that the loans have been repaid. Section 59, read literally, states in effect that the elements of an action brought pursuant thereto are the fact that the prohibited loan was made and the fact that the debt was contracted prior to repayment of such loan. There is no indication in the statute that repayment would extinguish the creditor’s cause of action under the section. The court does not subscribe to such a literal interpretation. Any wrong done a creditor by a loan made in contravention of this statute would be righted by repayment of the loan. Therefore the issue of payment must be tried.
*468 In view of the above, it is unnecessary for the court to decide whether the action is for a penalty within the contemplation of subdivision 3 of rule 113 of the Rules of Civil Practice in which case his motion for summary judgment would not lie.
Defendants’ motion must also be denied.
As a general rule, a cause of action brought under section 60 of the General Corporation Law or section 15 of the Stock Corporation Law accrues to the creditor only after judgment has been obtained and execution returned unsatisfied. (Buttles v. Smith, 281 N. Y. 226.) The Statute of Limitations does not commence to run until the right to relief has accrued. (Civ. Prac. Act, § 11.) The court is of the opinion that the same rule should apply to actions brought under section 59 of the Stock Corporation Law. Plaintiff’s cause of action, if any, accrued after May 25, 1954, and his action was timely brought, whether, as claimed by defendants, it is for a, penalty and thus subject to the three-year period of limitation set forth in section 49 of the Civil Practice Act, or whether a longer period of limitation is applicable.
The court agrees with defendants’ contention that the complaint does not state a cause of action in that there is no allegation that execution has been returned unsatisfied. (Buttles v. Smith, supra.) However, a motion for summary judgment is not addressed to the pleadings but deals only with the question whether there are triable issues of fact. A motion attacking the sufficiency of the complaint does not lie under rule 113 (Recckio v. Recckio, 273 App. Div. 1057), although there is authority to the contrary. (Bell v. Salkind, 198 Misc. 613.)
The third ground advanced by defendants in support of their motion argues a question of fact, necessitating trial.
Settle order on notice.