■ ALBERT C. GREENE et al., Appellants, v. FOREMOST LOCATIONS, INC., Respondent.— This is an appeal from an order granting summary judgment dismissing the complaint. Plaintiffs are the owners of residences located upon portions of a 2.85-acre plot sold in 1939 by one Nicoll to Cacciotti and George. In 1941 the former conveyed his interest to George. The defendant acquired in 1957 a portion of the foregoing parcel of land fronting on the Troy-Latham highway upon which it proposed to construct a gasoline station. Plaintiffs seek to enjoin such construction by defendant based upon a covenant in the 1939 deed from Nicoll to Cacciotti and George, which provided that the conveyance was made subject to certain restrictions and conditions limiting the use of the premises to residential purpose. Through an apparent scrivener's error, the 1939 restriction, taken literally, would restrict the entire *2.85-acre* parcel to *one dwelling* house, costing not less than $3,000 with outbuildings to be constructed only at the rear of such dwelling, and prohibited construction within 10 feet of the side lines and nearer than 50 feet from the front line of the premises. The restrictions applied to the tract of land are ludicrous. George built a residence on a portion of the premises, title to which by mesne conveyances now vests in plaintiff Kardas. The premises on which defendant proposes to construct a gasoline station . adjoin the Kardas premises on the south. At the time plaintiffs Greene purchased their lot, it was questioned that the restrictive covenant of 1939 might be taken to restrict the premises to a single dwelling. Apparently at the request of the seller George, a new agreement was obtained from Nicoll, the original grantor, which is referred to herein as the "1949 agreement". This agreement contains reference to the 1939 agreement and purports to modify the same in some respects, including a reference to subdivision of the premises into lots of not less than 50 feet in frontage and which recites the so-called "scrivenor's error" in the 1939 conveyance. This agreement, although it purported to be between Nicoll and George, was executed only by Nicoll and therefore was indexed in the Albany County Clerk's office only against Nicoll. The 1949 agreement does not appear of record in the chain of title of defendant, Foremost Locations, Inc. The conveyance from George to Greene referred to the original and amended covenants and restrictions. The conveyances to and the residences of plaintiffs Greene, Giaquinto and Daus were subsequent to the "1949 agreement". The only prior conveyance was that made of the Kardas parcel. The attorney for defendant in Paragraph Six of his moving affidavit, upon his cross motion for summary judgment, freely admits that the defendant purchased the premises with full knowledge of the restrictive covenant contained in the 1939 conveyance "but also with full knowledge that there were four houses actually in existence in contravention of said covenants." The court below has granted summary judgment upon the ground that the 1949 amendment to the restrictions was of no force since it was executed only by Nicoll who at the time had no title to any of the property in question and was, therefore, without power to modify the restrictions. However, so far as appears from this record, the

modification agreement was prepared at the request of George, who still owned a portion of the property in question and presumably was accepted and recorded by George who would therefore be estopped to deny the validity of the 1949 amendment. (*White* v. *La Due & Fitch,* 303 N. Y. 122.) The defendant acquired the lot on which it proposed to construct the gasoline station in August of 1957 after all of the foregoing transactions had taken place. Due to the fact that the County Clerk's records failed to index the 1949 agreement against George, from whom all of the parties hereto derived their title, the defendant did not have constructive notice of the existence of the 1949 covenants. (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.,* 267 N. Y. 242, 250–251.) However, this is not to say that the defendant could safely ignore the covenant if it had notice of the same and if defendant chose to ignore the covenant, it may have done so at its peril. While the courts do not favor limitations upon the use of one's property and thus construe restrictive covenants strictly, particularly where enforcement would impose a hardship upon the defendant and be of little benefit to the plaintiff (*Schultheis* v. *Wohlleb,* 231 App. Div. 851), the plaintiffs, particularly plaintiffs Kardas, whose residence adjoins the property of defendant upon which the gasoline station is proposed to be erected, would suffer more than trivial damage if they are unable to restrain the defendant. Summary judgment was not the proper remedy here since there is a least a question of fact as to whether the defendant had actual knowledge of the 1949 agreement and of the deed to Greene referring to the amended restrictions. All of these transactions took place long before the sale to defendant. The fact that defendant's use of the property for residential purposes would be less profitable than from the construction of a gasoline station thereon is not controlling if the restrictive covenants are applicable. There was no basis to sustain a finding of a change in the character of the land. The various questions posed by the pleadings and moving affidavits raise issues which would require a trial in order that justice be done to both parties. The complaint would appear to be of questionable sufficiency. However, a motion under rule 113 of the Rules of Civil Practice deals only with the question as to whether there are trialable issues of fact in the case and is not addressed to the pleadings. (*Recckio* v. *Recckio,* 273 App. Div. 1057; see, also, *Storer* v. *Ripley,* 12 Misc 2d 466, 468.) Special Term did not pass on the motion of plaintiffs to strike out the separate defenses in the answer contained in Paragraph Fourth through Twenty-ninth, both inclusive. The defenses relate to an additional parcel purchased by the defendant after the commencement of this litigation for the apparent purpose of raising issues concerned with an alleged violation by the plaintiffs of the "one dwelling" provision in the 1939 conveyance. These defenses and counterclaim appear to be frivolous and inserted merely for the purpose of confusing the issue in the action. The defendant admits [par. 28] having obtained from Nicoll and George a release, dated February 3, 1958 and recorded on that date, releasing the premises of defendant upon which the gasoline station is proposed to be constructed from the restrictions of 1939 and 1949, implying that the defendant considered the restrictions to be of some effect. Judgment and order of the court below reversed and defendant's cross motion for summary judgment denied, with $10 costs. The motion of plaintiffs to strike out the defenses in the amended answer of the defendant granted and the plaintiffs given leave to serve an amended complaint, if so advised, within 20 days after entry of order of this court. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.