**UNITED STATES of America,
Plaintiff,**

v.

**Herman SPITZER, Henry Stern and
Charles S. Morgenthau,
Defendants.**

**No. 65 Civ. 388.**

United States District Court
S. D. New York.

Nov. 15, 1966.

Robert M. Morgenthau, U. S. Atty., for the S. D. New York, New York City, James G. Greilsheimer, Asst. U. S. Atty., of counsel, for plaintiff.

Eiber, Okin, Rafsky & Feldman, New York City, Leonard Feldman, New York City, of counsel, for defendants.

## MEMORANDUM

WEINFELD, District Judge.

■ The motion for leave to serve an amended complaint is granted. While no doubt the case thus far has proceeded at a leaden-footed pace, the defendants are not without some responsibility for the delay; in any event, there is no sound reason for denying to the government the opportunity to assert its claims in an effort to obtain payment of the uncollected judgment.[1]

■ The narrow interpretation of 31 U.S.C., section 192, urged by the defendants, to wit, that it imposes liability "only on the person who pays," would in effect defeat the purpose of the statute. Here the government alleges that each of the four defendants, in his respective capacity as director, officer or stockholder of the judgment debtor corporation, either (1) directed or controlled the wrongful payments, or (2) knew of such payments and failed to prevent them. With respect to the first of these alternative allegations, were defendants' interpretation of section 192 to prevail, an active or controlling officer or director could substitute a dummy officer and thereby insulate himself from liability, although directing his dummy to make payment of debts to third parties. Similarly, with respect to the government's second allegation, if defendants' interpretation were sustained, a director, aware of contemplated wrongful payments, could close his eyes to the situation, without incurring liability.

■ The reach of the statute extends not only to those who make the direct payment, but also to those who, responsible for the conduct of corporate affairs, omit the performance of their duties, resulting in payments which defeat the government's rights. As officers and directors of the corporation, defendants were in control of its affairs, and it must be assumed that, responsive to their duties, they had an awareness of all outstanding claims against the corporation.[2]

---

1. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), for a discussion of the criteria which guide the court in exercising its discretion under Rule 15(a) that leave to amend "shall be freely given when justice so requires."

2. Cf. King v. United States, 379 U.S. 329, 337, 85 S.Ct. 427, 431, 13 L.Ed.2d 315 (1964), where it is stated that liability is incurred not only by one who actually exercises his control over the allocation among creditors of the debtor's assets, but also by one who "is in a position to as-

The exact nature of their duties and the control exercised by each is a matter of proof upon the trial.

█ Insofar as the defendants also seek dismissal of the existing complaint and to defeat the motion to amend on the ground that all claims are barred by federal and state statutes of limitations, the plea is unavailing. Insofar as the motion rests upon 28 U.S.C., section 2462, which has a five-year limitation period, the short answer is that the action is not one "for the enforcement of any civil fine, penalty, or forfeiture."[3]

██ As to the first cause of action, based upon section 192 of Title 31, the claim is federally created, and in the absence of a congressionally imposed limitation period the government is not time-barred from maintaining the suit.[4] As to the remaining causes of action, which assert claims based upon state statutes, the claims arose upon the entry of judgment in favor of the government; in that circumstance the action was timely commenced within the applicable state limitation period,[5] assuming arguendo, but not conceding, that with respect to such state-created claims the federal government is bound by the limitation period.

█ Finally, defendants' contention that "plaintiff cannot have the equitable relief of an accounting in the absence of any factual allegations that the named defendants had a fiduciary relationship to plaintiff" is unpersuasive. The defendants were officers and directors of the defendants' corporation; in that circumstance under New York law "[i]f the corporation was insolvent at that time it is clear that defendants, as officers and directors thereof, were to be considered as though trustees of the property for the corporate creditor-beneficiaries."[6] Moreover, plaintiff's claim that defendants are "liable to account" is predicated upon section 15 of the New York Stock Corporation Law, McKinney's Consol. Laws, c. 59, which expressly contemplates such a remedy.[7] It has been held that when a complaint alleges a violation of section 15, the recipients of the property are "bound to account therefor to its creditors" of the insolvent company.[8]

Defendants' motion for summary judgment is denied.

sert" control. And see United States v. Lutz, 295 F.2d 736, 742 (5th Cir. 1961) ("they *should be alert* to the necessity for paying debts according to their priorities.") (emphasis supplied.)

3. Cf. United States v. Doman, 255 F.2d 865 (3d Cir. 1958), aff'd sub nom. Koller v. United States, 359 U.S. 309, 79 S.Ct. 755, 3 L.Ed.2d 828 (1959); Meeker & Co. v. Lehigh Valley R.R., 236 U.S. 412, 423, 35 S.Ct. 328, 59 L.Ed. 644 (1915); United States v. O. G. Innes Corp., 203 F.Supp. 60 (S.D.N.Y.1962); United States v. Davio, 136 F.Supp. 423 (E.D. Mich.1955).

4. Cf. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

5. Buttles v. Smith, 281 N.Y. 226, 236, 22 N.E.2d 350 (1939); Levy v. Paramount Publix Corp., 265 N.Y. 629, 630, 193 N.E. 418 (1934); Shepard Co. v. Zachary P. Taylor Publishing Co., 234 N.Y. 465, 468, 138 N.E. 409 (1923); Klages v. Cohen, 7 F.R.D. 218, 219 (E.D.N.Y. 1947); Rosenkranz v. Duran, 264 App. Div. 335, 35 N.Y.S.2d 413, 415 (2d Dep't 1942).

6. New York Credit Men's Adjustment Bureau, Inc. v. Weiss, 305 N.Y. 1, 7, 110 N.E.2d 397, 398 (1953). Cf. People v. Marcus, 261 N.Y. 268, 276, 185 N.E. 97 (1933); Darcy v. Brooklyn & New York Ferry Co., 196 N.Y. 99, 89 N.E. 461, 26 L.R.A.,N.S., 267 (1909).

7. The section provides in part: "Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors * * *."

8. Hirsch v. Marder, 101 N.Y.S.2d 871, 873 (Sup.Ct.1950).